MARIE J. HEITKAMP, Administratrix of F. J. HEITKAMP, Respondent, *v.* JOHN BIEDENSTEIN *et al.*, Appellants.

### March 27, 1877.

1. A notice of final settlement of an estate published in English in a German newspaper is not a legal notice.
2. A final settlement, without legal notice, has the effect of an annual settlement only, and an order of distribution thereon concludes no one, and has not the force of a judgment; but the administrator is still subject to the orders of the Probate Court, and a creditor may still subject the realty to the payment of his debt.
3. In a proceeding in equity to set aside a final settlement and subject the real estate of deceased to the payment of debts, the widow, who takes part of the real estate under the will, as well as the heirs, should be made a party; if the proceeding is merely to set aside the final settlement, the administrator alone should be made a party defendant.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Philip Donahue,* for appellants, cited : Wag. Stat. 110, secs. 16, 17 ; Hardin *v.* Lee, 51 Mo. 241 ; Fettington *v.* Hooker, 58 Mo. 597 ; Pearce *v.* Calhoun, 59 Mo. 271.

*Kehr, Tittman & Tittman,* for respondent, cited : Murry *v.* Roberts, 48 Mo. 307 ; Hendricks *v.* Huddleston, 5 Smed. & M. 422 ; The State *v.* Stevenson, 12 Mo. 178 ; Clyce *v.* Anderson, 49 Mo. 37 ; Fettington *v.* Hooker, 58 Mo. 393 ; McIntosh *v.* Hambleton, 35 Ga. 95 ; Wag. Stat. 94, sec. 10 ; Pratt *v.* Northam, 5 Mason, 106 ; Graham *v.* King, 50 Mo. 22 ; Brashaw *v.* Hicklin, 54 Mo. 102 ; Hahn *v.* Kelly, 34

Cal. 391 ; Metcalf *v.* Smith, 40 Mo. 576 ; Corby *v.* Bean, 44 Mo. 379.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding by the holder of an allowed demand against the estate of George Biedenstein, deceased, to set aside the final settlement of the estate, and to subject certain real estate belonging to the estate to the payment of the demand. The defendants are the children of Beidenstein, who acquired two-thirds of his real estate by will, and the administrator *de bonis non.*

It appears from the evidence in the case that George Beidenstein died on October 12, 1867, leaving four children and a widow, Louisa, who administered upon his estate. By his will Beidenstein left all his property to his widow *dum sola;* if she married again, she was to have one-third absolutely, the balance to go to his four children. On November 20, 1869, the widow married defendant Schoenlan, who at once qualified as administrator *de bonis non* of deceased. Only one claim was proved against the estate, a demand for $2,640 — the foundation of the present action — placed in the sixth class. On March 11, 1874, Schoenlan made what purported to be a final settlement of the estate, showing in his hands a balance of $491.70, which he was then ordered to distribute to the widow and children, according to their respective interests under the will. This so-called final settlement was made without notice, the publication having been made in a German paper and the notice printed in English ; neither did the administrator at that settlement return to the court, as the law requires, a list of demands exhibited against the estate. Afterwards, by proceedings in the Circuit Court, partition was made of the real estate of the deceased amongst the widow and children ; the lots described in the petition in this suit were respectively allowed to the defendants John, George, Albert, and Richard, the children of Beidenstein. A portion of the real estate was sold by order of court to pay incumbrances, and

a lot was assigned to the widow — at the time, wife of Schoenlan. The real estate described in the petition is of great value, each lot being in itself sufficient to pay in full the allowed demand of plaintiff.

On these facts the Circuit Court found the alleged final settlement of Schoenlan as administrator of Biedenstein fraudulent in law, and decreed that it be set aside; from which decree defendants appeal.

It is quite evident from the testimony that the defendant Schoenlan acted in good faith, and was guilty of no fraud in fact. He was not present when the final settlement was made. The notary who acted for him was alone to blame for not returning to the court, when the settlement was presented, the allowed demand, of the existence of which the testimony shows that Schoenlan was entirely ignorant. The notice of final settlement was published in English in a German newspaper, according to the usual practice amongst the Germans for notices of that character, as appears from the testimony of the judge of probate. These notices were first declared bad in *Graham* v. *King*, 50 Mo. 23, of which decision both Schoenlan and the notary who made his settlement were, in all probability, unaware. The decision had, in fact, been published but a short time when this settlement was made. At any rate, it is quite evident that the notice was given in a manner honestly supposed to be most effectual for reaching those interested in the estate of the deceased.

That the final settlement of an administrator may be set aside for fraud in law, where there has been no fraudulent intent on the part of the administrator, seems to be settled by *Clyce* v. *Anderson*, 49 Mo. 37.

It may be said, however, that in the case at bar, no legal notice having been given, the settlement could have the effect of an annual settlement only; that the order of distribution concludes no one, and has not the effect of a judgment; and that the administrator is still subject to

the orders of the Probate Court, and should be cited there to make final settlement; and that the creditor may still proceed in that forum to subject the realty to the payment of his debt.

The settlement purported to be a final settlement, and was followed by the usual orders and the discharge of the administrator. It was made upon notice, insufficient only from the character of the paper in which it was given. The order of distribution was a judgment binding upon all parties until properly set aside; and, as it cannot now be set aside in the court in which it was made, the only remedy is an appeal to equity.

Considered as a proceeding in equity to set aside a final settlement, and subject the real estate of the deceased to the payment of an allowed demand, this action is defective in parties defendant. A proper decree, in that case, could not be made until Mrs. Schoenlan is brought in, since she took one-third of the real estate under the will. If, on the other hand, the whole object of the proceeding was to set aside the final settlement, the heirs were improperly made defendants; the proceeding should have been against the administrator alone, and the heirs should not have been subjected to costs.

To set aside the judgment of the Probate Court and open the settlement for every purpose, and, after partition has been made, to send the plaintiff to the Probate Court to subject some particular portion of the realty to the payment of her allowed demand, seems to be an unnecessary hardship upon all the parties interested in the estate. The matter can be much more satisfactorily disposed of in a court of equity. We think that the Circuit Court, having entertained jurisdiction, should have caused Mrs. Schoenlan to be brought in as a party defendant, and for that purpose should have directed the necessary amendments to be made to the petition, and should then have rendered such a decree as would give to the plaintiff the full amount of her claim, to

which she is entitled without further delay, and, at the same time, do full and complete justice to all the parties concerned. Costs should be awarded against Theodore Schoenlan alone.

The judgment of the Circuit Court is reversed and the cause remanded, to be proceeded with according to this opinion. All the judges concur.