WILLIAM F. FERGUSON, Appellant, *v.* JAMES O. CARSON ET AL., Respondents.

### February 1, 1881.

1. Where a final settlement has been set aside, the Probate Court becomes repossessed of the administration of the estate, and is the proper tribunal in which to enforce a demand allowed against the estate.

2. Where the Probate Court is possessed of the administration of an estate, the Circuit Court has no jurisdiction to decree that a demand allowed against the estate shall be a lien on the realty of the estate.

3. That the heirs have, before final settlement, sold their interest in the realty of the deceased, will not oust the Probate Court of jurisdiction to enforce against such realty a demand allowed against the estate.

4. A bill in equity to charge the realty of an estate with the payment of demands allowed against the estate, declared to be without equity.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

E. T. FARISH, for the appellant: The debts of a debtor become a lien upon his real estate at his death, and his devisees take subject to the payment of such debts. — Rawle on Cov. 546; *Watkins* v. *Holman*, 16 P.et. 62; *Hinton* v. *Whitehurst*, 71 N. C. 66; *Metcalf* v. *Smith*, 40 Mo. 572. And the land is liable in the hands of a *bona fide* purchaser from the heir or devisee. — *Wyman* v. *Brigden*, 4 Mass. 150; *Gore* v. *Brazier*, 3 Mass. 523; *Griswold* v. *Bigelow*, 6 Conn. 268; *Graff* v. *Smith*, 1 Dall. 481; *Richard* v. *Williams*, 7 Wheat. 59; *Morris* v. *Smith*, 1 Yeates, 244; *Vansycle* v. *Richardson*, 13 Ill. 173. A case of controlling authority is *Heitkamp* v. *Biedenstein*, 3 Mo. App. 450.

H. T. KENT, for the respondents.

KEHR & TITTMANN, with whom are MYERS & ARNSTEIN and H. A. HAEUSSLER, for the respondents : The devisees took and held the lands of John B. Carson discharged of all liability arising out of the obligations of the devisor, and so conveyed the same. — *Sauer* v. *Griffin*, 67 Mo. 654 ; *Whittlesey* v. *Brohammer*, 31 Mo. 98. If the assets of the estate of John B. Carson are exhausted, and the plaintiff's debt remains unpaid, it is because the executor misapplied the assets, and in that case the remedy primarily is on his bond.—*Merritt* v. *Merritt*, 62 Mo. 150. Our statute of administration has entirely superseded the machinery of the common law, and the whole doctrine of equitable assets — marshalling of assets in equity — is without application here. Hence the Circuit Court has no jurisdiction. —*Titterington* v. *Hooker*, 58 Mo. 593 ; *Pearce* v. *Calhoun*, 59 Mo. 271.

LEONARD WILCOX and CARR & REYNOLDS, for the respondents : The Probate Court alone had jurisdiction to grant the relief sought. — *Wernecke* v. *Kenyon*, 66 Mo. 283–285 ; *Titterington* v. *Hooker*, 58 Mo. 596–598 ; *Pearce* v. *Calhoun*, 59 Mo. 274 ; *Bank* v. *White*, 23 Mo. 342 ; *Public Works* v. *College*, 17 Wall. 530. There was no equity in the bill. — *Bank* v. *White*, 23 Mo. 342 ; *Metcalf* v. *Smith's Heirs*, 40 Mo. 576 ; *Watkins* v. *Holman*, 16 Pet. 63.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that Ober & Co. began suit in the St. Louis Circuit Court in 1863 against John B. Carson, who died pending the suit. The action was revived against his executor, James O. Carson, one of defendants herein, and such proceedings were had that in March, 1874, judgment was obtained by Ober & Co. against Carson's estate, upon which a balance of $5,114.92 remains unpaid. In 1869, pending this suit, and in disregard of it, the executor

made final settlement of the Carson estate. In 1878, at the suit of the assignee of the Ober judgment, this final settlement was set aside by the Circuit Court, and the Ober judgment then was exhibited for allowance in the Probate Court by the assignee, and allowed and placed in the sixth class. In April, 1879, by virtue of transactions set out, plaintiff became subrogated to all the rights of the first assignee of this judgment, and entitled to recover from the Carson estate the sum expended by him in the purchase of this judgment. Accordingly, on July 15, 1879, on notice to the executor, plaintiff presented his claim for the money so paid by him, to the Probate Court for allowance against the estate of John B. Carson. The sum of $6,749 was allowed on said demand in favor of plaintiff, and the demand placed in the sixth class.

Appellant alleges that neither the assigned judgment nor the allowance in favor of plaintiff has been paid ; that they constitute a lien upon the realty of which Carson died siezed.' Carson left a will, by which, after certain specific legacies, he devised the balance of his estate to his brother, James O. Carson aforesaid, and to his sister. The per-sonal assets of the estate have been long since exhausted, and all demands against the estate paid, except that of plaintiff.

The petition sets forth all the realty of which John B. Carson died seized, which consists of many parcels, and alleges that his two devisees have conveyed the same in sev-eralty to defendants, and those under whom they claim ; that all this real estate is bound for the payment of plain-tiff's allowed demand ; that the several parcels were con-veyed and taken subject to this claim, and that these pieces of land are the sole assets of Carson's estate. The prayer is that the court adjudge to plaintiff the amount of his demand, with interest, and adjudge that the same be levied out of the real estate, and for a sale as the court may direct. The de-fendants are the administrator of Carson, deceased ; his two

devisees, of whom the administrator is one ; and the pur-, chasers of the land, over thirty in number, consisting both of natural persons and corporations. On demurrer to the petition, there was judgment for the defendants.

We think the bill is without equity, and states no facts which give to the Circuit Court jurisdiction to grant the relief prayed. No sufficient reason appears why plaintiff should not proceed in the Probate Court to sell the land under the statute. The fraudulent settlement being set aside, the matter stood in the Probate Court as if no settlement had been made ; and the fact that some of the defendants had improvidently purchased real estate belonging to the estate from the heirs whilst the affairs of the estate were still in litigation, could not oust the jurisdiction of the Probate Court to order a sale of the realty for the payment of debts. The Probate Court, the fraudulent settlement having been for every purpose set aside, became again fully possessed of the administration of the estate. It then made the allowance which plaintiff seeks to have satisfied, and it is the proper tribunal to enforce that demand against the estate.

This case differs from *Heitkamp* v. *Biedenstein*, 3 Mo. App. 450. In that case the Circuit Court, as a court of equity, having obtained jurisdiction, might properly retain it, and proceed to do complete justice between the parties. Had all the defendants in the present action been made parties to the suit to set aside the settlement, and that proceeding been of a larger scope, so as to set forth the facts contained in the present bill and ask the relief here demanded, a case presenting a near resemblance to *Heitkamp* v. *Biedenstein* would have been presented. Whether that case would have then been in point, we need not now consider. It is not in point in the case as now made. The plaintiff here has a complete remedy at law. So far as he is concerned, no ground whatever exists for equitable relief ; and the Circuit Court does not, therefore, obtain jurisdiction of the case by

virtue of its functions as a court of equity. The question is not whether, in a proceeding to set aside the settlement for fraud, the Circuit Court might not, on a proper application and showing, and with all the parties before it, have made a decree which would have avoided a multiplicity of suits and adjusted the equities between defendants, whilst enforcing the collection of plaintiff's demand. We do not say that this might not have been done. But, the settlement having been set aside for all purposes, and the whole matter remitted to the Probate Court, the administration will proceed in the usual course, and neither the rights of plaintiff nor the jurisdiction of the Probate Court over the matter can be divested by the conveyances of the heirs made whilst the estate was still in process of settlement.

The judgment is affirmed. All the judges concur.