## WHIPPLE vs. BARNES and others.

*Statute of limitations: note and mortgage.*

A mortgage given to secure a note (though without any express covenant to pay the debt) may be foreclosed after the note is barred.

APPEAL from the Circuit Court for *Racine* County.

Action commenced in 1866, upon a mortgage executed by *Barnes and wife* in 1851, "conditioned for the payment of the sum and interest mentioned in" a note of the same date for $700, payable in one year from date. Demurrer, on the ground that the alleged cause of action appears from the complaint not to have accrued within six years. The defendants appealed from an order overruling the demurrer.

*Geo. B. Judd*, for appellants:

The mortgage was only a security for the payment of

the debt according to the terms of the note. 9 Wis., 476-7, 511; 3 Chand., 83, 95. In other words, the note was the principal, and the mortgage the accessory. 17 Wis., 512, 516. When therefore the debt or note ceased, for any reason, to exist or be operative, the security or accessory became inoperative and void. Any defense available against the debt or note, is equally so against the security. 4 Chand., 153; 9 Wis., 503; 11 id., 353, 370. 2. The debt, note and action are barred by the statute. R. S., ch., 138, sec. 17; 2 Chand., 14, 27; 1 Wis., 131; 15 id., 670; 3 Wend., 187, 189; 7 id., 94; 5 Johns. Ch., 545. The rule is the same in equity as at law. 1 Wis., 131; 1 Chand., 190; 2 id., 14.

*Fuller & Dyer*, for respondent, cited 2 Parsons on Con. (4th ed.), 379; *Mayor &c. of N. Y. v. Colgate*, 2 Duer, 1; 2 Kern., 140; *Higgins v. Scott*, 2 Barn. & Ad., 413; *Thayer v. Mann*, 19 Pick., 535; *Spears v. Hartley*, 3 Esp., 81; *Toplis v. Baker*, 2 Cox, 123; *Crain v. Paine*, 4 Cush., 483; *Baldwin v. Norton*, 2 Conn., 163; *Richmond v. Aiken*, 25 Vt., 324; *Merrills v. Swift*, 18 Conn., 257; 2 Hilliard on Mort. (2d ed.), 27, 28; *Heath v. Van Cott*, 9 Wis., 516.

COLE, J. In *Wiswell v. Baxter*, 20 Wis., 680, it was decided, that although a suit upon a promissory note which is secured by a mortgage, may be barred by the statute of limitations, yet an action may still be maintained to foreclose the mortgage. The six years' limitation does not bar the remedy upon the mortgage, but the mortgagee may foreclose and sell the mortgaged property. It was suggested on the argument, by the counsel for the appellants, that this should only be done where the mortgage contains an express covenant to pay the debt. The cases, however, do not establish any such limitation upon the right of action to foreclose the mortgage. *Thayer v. Mann*, 19 Pick., 535; *Jay v. Adams*, 26 Me., 330; *Baldwin v. Norton*, 2 Conn., 161; *Richmond v. Aiken*, 25 Vt., 324; *Borst v. Corey*, 15 N. Y., 506.

The action to foreclose is upon an instrument under seal, which acknowledges the debt the payment of which it is given to secure. And it being thus under seal, the equitable remedy upon it is not lost, although an action upon the note may be barred.

*By the Court.*—The order overruling the demurrer to the complaint, is affirmed.