### KIMBROUGH v. LUKINS.

INTEREST.— *When Compound Interest is Usurious.—Recoupment.—Promissory Note.*—Where, in computing the interest on a matured promissory note, the interest is so compounded as that the aggregate amount thereof exceeds the amount of simple interest on such note, calculated at the highest rate then legal, the excess is usurious, and may be recouped in an action on a promissory note given for the amount of the note upon which interest has been so compounded.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*A. E. Steele* and *R. G. Steele*, for appellee.

WORDEN, J.—Action by the appellee, against the appellant, upon a promissory note executed by the defendant to the plaintiff for the sum of $708 $\frac{97}{100}$, dated Richmond, Ind., Nov. 1st, 1873, payable twelve months after date, with interest from date, at the rate of 8 per cent. per annum.

The defendant answered by way of recoupment, in substance, that the note was given in consideration and renewal of a note which the plaintiff held against the defendant, of the following tenor, viz.:

"$223 $\frac{65}{100}$                     April 11th, 1855.

"Due John Lukins or order the sum of two hundred and twenty-three dollars and sixty-five cents, for value received, with eight per cent. interest per annum.

(Signed,)                          "ELI KIMBROUGH."

This note had the following indorsements of credit upon it, viz. :

" Received interest up to 2d November, 1856.

" Received interest up to 2d November, 1858."

That the plaintiff so computed and compounded the interest on the former note as to make the amount due when the note sued on was given appear to be the amount specified in that note ; that the note in suit was therefore given in part for usurious and illegal interest, which he prays may be recouped, etc.

A demurrer for want of sufficient facts was sustained to the answer, and the defendant excepted. Judgment for the plaintiff, for the amount of the note sued on and interest.

We think the court erred in sustaining the demurrer to the answer. Under the statute in force at the time the note in suit was executed, ten per cent. per annum was the. highest rate of interest that could be contracted for. 1 R. S. 1876, p. 599. Nor, in computing the amount due on the former note when that in suit was executed, could the interest on the former be so compounded as to make it exceed the rate of ten per cent. per annum. *Burns* v. *Anderson*, 68 Ind. 181.

The interest on the former note was paid up to November 2d, 1858. The interest for fifteen years was, therefore, due on the former note, when that in suit was executed. Allowing the interest on the former note to be so compounded as to make the rate of ten per cent. per annum, the amount of that interest, when the note in suit was executed, was $335.48. This interest added to the principal makes $559.13. This last sum was the utmost that could have been due on the former note, when that in suit was executed ; and for all beyond this sum, according to the facts alleged, the note sued on is usurious and void.

The judgment below is reversed, with costs, and the cause remanded, etc.