Swift, Administrator, vs. James, imp.

*November 30 — December 17, 1880.*

PLEADING. *Complaint construed.*

The complaint charges that defendants, on etc., wrongfully entered upon certain described lands of plaintiff's decedent *in the state of Michigan*, and wrongfully cut and carried away therefrom trees, logs and timber of said decedent, and manufactured them into lumber, which they then transported to Milwaukee, and wrongfully sold and converted to their own use. *Held*, on demurrer, that the complaint may and should be sustained, as one not for the trespass on the lands (for which no action would lie in this state), but for *the conversion*, though it pleads, improperly, the *evidence* of plaintiff's title to the lumber.

APPEAL from the Circuit Court for *Winnebago* County.
The complaint alleges that at divers times during the year
ending June 30, 1876, defendants wrongfully entered upon cer-
tain land belonging to one William Starr, late of the city of
Ripon but now deceased, which land is described by quarter-
quarter sections and alleged to be situate in a certain town
and range in the county of Schoolcraft in the state of Michi-
gan; that defendants " then and there wrongfully cut upon the
said land, and carried away therefrom, the trees, logs and tim-
ber of said William Starr, and manufactured the same into
lumber;" that the amount of such trees, logs and timber so
wrongfully cut, and the amount of lumber so manufactured,
was 1,620,273 feet, board measure; that afterwards, during
the year 1876, "said defendants, still wrongfully trespassing
upon the said property of the said William Starr, transported
and removed the said lumber . . . to the city of Mil-
waukee in this state, and to the city of Chicago in the state of
Illinois, and such lumber was then and there in the possession
of the said defendants, and of the value of ten dollars per
thousand feet, board measure; and said defendants, so being in
possession of said lumber, did then and there, to wit, in the
year 1876, in the cities of Milwaukee and Chicago, wrong-
fully sell the said lumber and convert the same to their own
use. The wrongs aforesaid to the damage of the said William
Starr, in his life-time, in the sum of $16,002."

The complaint states a second cause of action in substan-
tially the same form, relating to a distinct tort. It then
avers the facts necessary to entitle plaintiff to sue as admin-
istrator of William Starr's estate, and prays judgment for
the aggregate of the sums alleged as damages in the two
counts.

The defendant *James* demurred, upon the grounds that the
court had no jurisdiction of the subject matter, and that the
facts stated did not constitute a cause of action. Plaintiff
appealed from an order sustaining the demurrer.

For the appellant there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Thompson*.

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

ORTON, J. The complaint substantially charges that the lumber converted by the defendant came from logs wrongfully cut on the lands of the plaintiff, situated in the state of Michigan. The form and phraseology of the complaint might be strictly applicable to an action of trespass *quare clausum*, and if this suit had been brought in the state of Michigan the complaint might have been sustained in such a form of action.

But the suit having been brought in this state, where an action for the original trespass cannot be maintained, for want of jurisdiction, the question is presented, whether, notwithstanding such allegation of trespass on the plaintiff's lands in the state of Michigan, the complaint may not be sustained here as in an action of trover for the conversion of the lumber, when all of the necessary allegations of a complaint in such an action are substantially made.

To prove the plaintiff's ownership of the lumber, evidence that the logs from which it came were wrongfully cut on his lands in the state of Michigan may be given, and would be sufficient. *Tyson v. McGuineas*, 25 Wis., 656. Instead of averring ownership of the lumber directly, the plaintiff avers that it came from logs cut on his lands in the state of Michigan, which is an indirect yet a substantial averment of such ownership; or, in other words, the plaintiff pleads his evidence of title to the lumber, instead of the legal conclusion of title from such evidence. Such a pleading is informal and inartistic, but, when liberally construed, which is now the rule, it must be held substantially sufficient; and it is certainly more advantageous to the defendant, by apprising him of the facts on which the plaintiff will rely to sustain his action, and he has no good ground of complaint on that score at least.

Perhaps, in this view, this allegation of the original trespass cannot be treated as surplusage, as in *Halleck v. Mixer*, 16 Cal., 574; but it may be tolerated, as before suggested, as an informal and indirect allegation of the plaintiff's ownership of the lumber; and proof of the trespass, as we have seen in *Tyson v. McGuineas, supra*, would be proper and sufficient proof of the ownership of the lumber to sustain the action of trover. The demurrer to the complaint should have been overruled.

It is suggested in the brief of the learned counsel of the appellant, that one reason, at least, for this form of pleading was to bring this case within the statutory rule of damages in similar cases where the lands are situated in this state; but it may be seriously questioned whether this statute can have such an extra-territorial effect, and our present impression is that it has not.

*By the Court.*— The order of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to law.