BRADLEY v. COLE.

1. **Taxes on Land**: PAYMENT BY HOLDER OF SHERIFF'S DEED: FAILURE OF TITLE: RECOVERY OF REAL OWNER'S GRANTEE WITH NOTICE: LIEN.  Where one holds a sheriff's deed to land, and, relying in good faith upon his title under such deed, he pays the taxes on the land, but the title is afterwards adjudged to be in another, he may have a lien established upon the land, as against such other person's grantee with notice, for the amount of the taxes so paid, and may have a personal judgment against such grantee for such portion of the taxes as were paid after he became the owner of the land; and one who takes the land by a mere quit-claim is charged with notice of the equities of the person so paying the taxes.  See opinion for cases followed and distinguished.

2. **Former Adjudication**: HOW FAR BINDING.  A former adjudication in a cause between plaintiff and defendant's grantor does not bind plaintiff as to a question not raised in that cause.

3. **Statute of Limitations**: NON-RESIDENT DEFENDANT: CAUSE OF ACTION ARISING IN THIS STATE: INSTANCE.  A cause of action arising in this state is not barred by the statute of limitations when the defendant has always resided in another state, though it might be barred by the laws of the state of his residence; and an action to recover taxes paid by mistake on the land of another in this state, and to enforce a lien thereon, is based upon a cause arising in this state.  *Goodnow v. Stryker*, 62 Iowa, 221, followed.

4. **Innocent Purchaser**: ONE TAKING BY QUIT-CLAIM DEED IS NOT.  One who takes land by a mere quit-claim deed is charged with notice of prior equities against his grantor.

*Appeal from Cerro Gordo Circuit Court.*

MONDAY, DECEMBER 14.

ACTION to recover on account of taxes paid by plaintiff upon certain lands claimed by him, the title to which, in an action between the parties, was adjudged to be in defendant. Plaintiff asks that a lien for the amount paid by him be established upon the lands.  Both parties appeal.

*Richard Wilber*, for plaintiff.

*Miller & Cliggitt*, for defendant.

BECK, CH. J.—I.   The action is triable in this court *de novo*.   Plaintiff, in his petition and amended petition, seeks
1. TAXES on land: payment by holder of sheriff's deed: failure of title: recovery of real owner's grantee with notice: lien. to recover for taxes paid upon the lands from 1861 to 1874, inclusive, except the year 1872. He asks that a lien be established upon the lands for the amount he may be entitled to recover. By the decree of the circuit court plaintiff recovered for the taxes paid by him for the years from 1868 to 1874, inclusive.   It is shown by the record that plaintiff, during the time he was paying taxes upon the lands, claimed title thereto under a sheriff's sale and deed made upon a decree of foreclosure of a trust deed.   In an action brought by plaintiff, and finally determined in this court in 1877, the title to the land was found not to be in plaintiff, but to be in defendant.   See *Bradley v. Jamison*, 46 Iowa, 68.

II.   The record establishes, without a doubt, that plaintiff paid the taxes for which he claims to recover, in good faith, beleiving that he had a valid title to the lands.   He claims the lands under a judicial sale and a sheriff's deed, and, while so claiming, paid the taxes.   His title, though held defective, certainly amounted to color of title, and would have made any possession which he may have held under it lawful; that is, he would not have been regarded as a mere trespasser.   Had he made improvements in good faith upon the lands while holding possession under his title, he could have recovered under our statute the value thereof before being ejected therefrom.   Code, §§ 1976–1987.   The payment of taxes being made in the lawful exercise of ownership over the lands, which the law authorizes under color of title, and in the discharge of the duty of a citizen, the plaintiff ought to be protected, and ought to recover for the outlays made by him in payment of his taxes in an action against the owner.   The payments being made for the protection of the property, and redounding to the benefit of the real owner of the land, he, *ex æquo et bono*, ought to reimburse plaintiff.

The facts of this case bring it within the doctrine of *Goodnow v. Moulton*, 51 Iowa, 555, and *Goodnow v. Stryker*, 62 Id., 221, and distinguish it from *Garrigan v. Knight*, 47 Id., 525, as held by the majority of the court. Indeed, it would seem that, as plaintiff in this case claimed title under a judicial sale, he was authorized to rely upon its validity with the degree of confidence which the tax-payer in the case of *Goodnow v. Moulton* could not have had, as he did not claim under such a sale. All men presume, as does the law, that judicial proceedings are correct. Resting upon this presumption, one acquiring a title by judicial sale is surely authorized to regard the land as his own; and for its protection, and in the discharge of his duty as a good citizen, he ought to be permitted to pay the taxes without peril of loss.

III. Defendant insists that the question of plaintiff's right to recover the taxes was adjudicated against him in the action wherein it was found and adjudged that the title is held by defendant. But we do not find that the question was presented for adjudication in that case. Plaintiff did not claim to recover therein any sum advanced by him in payment of taxes. He sought no relief other than that his title be quieted. Payment of taxes by plaintiff, and his right to recover therefor, were not matters in issue and adjudged in the case.

*2. FORMER adjudication: how far binding.*

IV. The defendant maintains that the action is barred by the statute of limitations. ◆Both plaintiff and defendant are non-residents of the state. Plaintiff's cause of action accrued upon the adjudication that defendant held the title, and it arose in this state. See *Goodnow v. Stryker*, 62 Iowa, 221. Surely his right of action to enforce the lien upon the lands arose in this state where the lands are situated and nowhere else.

*3. STATUTE of limitations: non-resident defendant: cause of action arising in this state.*

V. At the time of the payment of some of the annual taxes the lands were not owned by defendant, being conveyed to him afterwards. It is insisted that plaintiff cannot recover therefor. Jamison acquired the

*SAME AS NO. 1.*

Bradley v. Cole.

lands in 1860, and conveyed them to defendant in January, 1868, by quit-claim deed. Plaintiff's equitable right to a lien cannot be enforced against one holding the lands without notice thereof. But a grantee of the owner of the lands at time of the payment of the taxes, who had notice of plaintiff's equity, and purchased subject thereto, stands in the shoes of his grantor, and the lands in his hands are subject to plaintiff's claim and lien. Defendant acquired the lands by quit-claim deed, and is charged with notice of plaintiff's equi-

4. INNOCENT purchaser: one taking by quit-claim deed is not.

ties, and the law regards his purchase as subject thereto. These positions are based upon familiar doctrines, which will be everywhere admitted without support of authorities. *Fogg v. Holcomb*, 64 Iowa, 621, is not in conflict with our conclusion. It is not shown that the land-owner in that case was chargeable with notice of the equities of the tax-payer existing when the title of the lands was conveyed to him. In our opinion, plaintiff is entitled to a lien upon the lands for all the taxes paid by him. He ought not, however, to recover a personal judgment against defendant for taxes paid before he became owner of the lands; but such a judgment should be rendered for the taxes paid afterwards. The cause will be remanded for a decree in harmony with this opinion, or, at plaintiff's option, such a decree may be entered here.

Reversed on plaintiff's appeal. Affirmed on defendant's appeal.