Endress vs. Shove and wife.

Endress, Appellant, vs. Shove and wife, imp., Respondents.

*March 23 — April 9, 1901.*

*Mortgages: Tax liens: Status: Right of mortgagee to pay or purchase: Foreclosure: Deficiency: Joinder of causes of action: Parties: Pleading: Waiver.*

1. If a mortgagee of real estate, in order to protect his interest therein, pays or purchases tax claims thereon, the status of such claims, as tax liens, is thereby extinguished, but there is created, by force of the statute, a lien, in favor of the payor, upon the realty, for the amount of his expenditures and interest, secured by the mortgage, of as high a grade as the original mortgage lien.

2. The right to the additional lien under the circumstances stated is statutory and absolute. The court has no more power to deny or diminish or refuse to enforce it against the realty, or, if the mortgagor agreed in the mortgage to pay the taxes, to refuse to enforce the amount of such lien against the mortgagor as a personal liability, than he has to arbitrarily reduce the amount actually due upon the principal debt.

3. In an action to enforce a mortgage there must be a foreclosure and sale of the subject thereof adjudged as the statute provides, unless waived by the mortgagee; and that is so regardless of the interest of the mortgagor in the premises at the time of such enforcement.

4. A cause of action to enforce a mortgage, and one to recover on the personal liability of the mortgagor, grow out of the same transaction and are connected with the same subject thereof, hence may be joined under the statute on that subject regardless of the statutory provision for deficiency judgments in foreclosure cases, provided no one other than the debtor is made a defendant and the two causes of action are separately stated.

5. If two causes of action are joined under the circumstances above stated and a person other than the debtor is made a defendant or the causes of action are not separately stated, such defects are waived by answering the complaint, and the plaintiff is entitled to enforce both causes of action. The court has, in such circumstances, no mere equity power to refuse to grant to the plaintiff relief upon both, if the facts are sufficient for the purpose.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Door county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed in part; reversed in part.*

Action to bar the dower right of the wife of *Theodore C. Shove* in real estate, mortgaged by them April 12, 1892, to secure payment of a note of $4,000 made on that day by *Mr. Shove*, payable April 12, 1895, and to obtain a personal judgment against him.   The complaint alleged payment of $2,000 on May 4, 1892, and that the balance of the principal of the note, with interest according to its terms, was due. It was further alleged that on October 15, 1892, one Harvey F. Hubbard obtained a judgment against *Mr. Shove* in an action wherein the mortgaged premises were attached April 13, 1892, before the delivery of the mortgage; that such proceedings were duly had to enforce such judgment and the attachment lien secured in such action, that the interest which *Shove* had on April 13, 1892, was sold at sheriff's sale, and a certificate of sale on execution was issued to the purchaser in due form of law, from which plaintiff, as a subsequent incumbrancer, redeemed, and thereby became subrogated to the rights of such purchaser; that thereafter said execution sale was completed by the making of a sheriff's deed to plaintiff, vesting in him all the right, title, and interest which *Mr. Shove* had in the property covered by the mortgage on April 13, 1892.   Judgment barring the dower right of *Mrs. Shove* was prayed for.   Judgment was also asked against *Mr. Shove* for the amount of the indebtedness.

*Mr. Shove* answered, among other things, that on and prior to April 12, 1892, Adolph J. Endress, son of plaintiff, was associated with him in the banking business, and that the former was the duly authorized agent of plaintiff in all of his business transactions, including that of taking the note and mortgage in suit; that on the said 12th day of April the banking concern was insolvent and made an assignment for the benefit of its creditors whereby said defendant directly and indirectly lost all of his property; that the property described in the complaint was the banking house and real estate upon which it was situated; that it

was a valuable piece of real estate which belonged to defendant; that on the day the said assignment was made plaintiff and his said son, with knowledge of all the facts in regard to the bank and defendant's personal affairs, and intending to defraud defendant, induced him, the son being the active party in his behalf, to give the note and mortgage in suit under a promise made by the son on behalf of his father that it should be in satisfaction of an old debt of $2,000 owing by said defendant to plaintiff, and for $2,000 additional to be loaned said defendant on three years time at six per cent. interest; that the note and mortgage were delivered to plaintiff's son on the faith of such arrangement, who delivered them to plaintiff, who has ever since retained the same, though he has neglected and refused to loan to defendant the agreed sum of $2,000 or to deliver the note representing the old indebtedness of $2,000; that he still retains the old note and is seeking to recover thereon in an independent action. *Mr. Shove* asked affirmative relief, among other things, declaring the note and mortgage in suit void. *Mrs. Shove* answered repeating the allegations of her husband's answer in regard to the circumstances of giving the note and mortgage in suit, and alleged further that when the same were given, plaintiff held, as collateral to the old note, two insurance policies upon the life of *Mr. Shove*, and that it was agreed that in consideration of her signing the mortgage said insurance policies should be surrendered to her, and that such delivery had never been made although it had been duly demanded. Both answers admitted the allegations of the complaint in respect to the attachment of the mortgaged premises, the enforcement of the attachment lien, and the acquirement of the title to the mortgaged property pursuant to the sheriff's sale as alleged in the complaint.

On the controverted issues the court found as follows: No actual payment of $2,000 was made upon the note and

mortgage in suit. The indorsement of such payment was on account of the $2,000 which plaintiff agreed to advance to *Mr. Shove* but thereafter refused to do. June 1, 1888, *Mr. Shove* gave plaintiff, for value, his · note for $2,000 payable two years after date, with interest at the rate of six per cent. per annum payable semi-annually, and as collateral thereto assigned to plaintiff two insurance policies as alleged in the answer of *Mrs. Shove.* On May 12, 1892, plaintiff still held the note of $2,000 and said collateral, there being then due on said note $2,104. At that time *Mr. Shove* was also liable to plaintiff as guarantor of the payment of a note of $10,000 made to plaintiff by his son, Adolph J. Endress. The note and mortgage described in the complaint were given according to an agreement between *Mr. Shove* and plaintiff to the effect that the latter should, upon delivery thereof, surrender to *Mr. Shove*, as fully paid and satisfied, the old note of $2,000 made June 1, 1888, together with the two insurance policies held as collateral thereto, and should also advance to *Mr. Shove*, for the use of himself and family, the sum of $2,000. The indorsement of $2,000 on the note in suit was made by agreement between plaintiff and *Mr. Shove* after the former refused to make the advancement agreed upon for the benefit of the latter's family. The policies of insurance, and the old note of $2,000, were retained by plaintiff, though due demand for their delivery to *Mr. Shove* was made. An action is pending to enforce payment of the old note, in which action it has been determined that said note and the collateral must be surrendered to *Mr. Shove* and the indorsement on the note in this action reduced by $100 to cover the interest that was due on the old note when the new one was given. The transaction of giving the note and mortgage in suit was wholly conducted, on the part of the plaintiff, by his son Adolph, who was fully authorized in the premises. There was no intention, in the transaction of taking the note and mortgage, to de-

fraud *Mr. Shove.* There is due plaintiff upon the note, for principal and interest, $2,924.64. The amount due him, including taxes paid upon the property to protect the mortgage security, is $3,275.64.

On such facts it was held as matter of law that plaintiff was the owner of the mortgaged property subject to the inchoate right of dower of *Mrs. Shove,* which was not a proper subject for a judicial sale; that no personal judgment should be rendered in the action against *Mr. Shove;* that *Mrs. Shove* should not be personally charged with costs, except as a condition of redeeming her inchoate right; that she was entitled to make such redemption by paying the amount due on the note and mortgage, as fixed in the findings of fact, with interest from the date thereof and the costs of the action, within fourteen months after the entry of judgment duly perfected. Judgment was entered accordingly.

For the appellant there was a brief by *Nash & Nash,* and oral argument by *L. J. Nash.*

For the respondents the cause was submitted on the brief of *Geo. G. Greene.*

MARSHALL, J. The trial court determined the amount due upon the note the mortgage was given to secure according to its terms. We are unable to discover any error in that. True, the note was given, as the court found the fact to be, in part for another note, and it was not sufficient to cover the latter after allowing for $2,000 which the court decided appellant agreed to loan on the former. But it was competent for the parties, if they saw fit, to treat the new note and the security for its payment, to the extent of $2,000, as a full equivalent for the old note secured by the policies of insurance. One was a good consideration for the other, and a full consideration therefor, if such was the agreement between the parties. Notwithstanding there was no dispute about the amount due upon the old note, the se-

curity for its payment, at the time the agreement to give the new note was made, may reasonably have been considered much less valuable than the real-estate security, and the substitution of the latter for the former a fair exchange upon the basis of the one being a full equivalent for the other. The effect of the court's findings is that the parties contracted on that basis, either expressly or impliedly.

The evidence shows that appellant redeemed the mortgaged premises from taxes to the amount of $284.57, before he acquired the legal title by the sheriff's deed, and that such amount, with interest to the date of the court's findings, was $350.95. As soon as the redemption was made the outlay therefor became a lien upon the premises secured by the mortgage. The tax lien was extinguished and in its place was created a mortgage lien by force of the statute, of as high a grade at least as the lien of the indebtedness evidenced by the note. Sec. 1158, Stats. 1898; *Hill v. Buffington*, 106 Wis. 525. The trial court erred in disregarding the law on that point. The right of appellant to the benefit of the conditional lien, for the money paid for taxes, was secured to him by the plain letter of the statute. The court had no more right to deny him the benefit thereof than to reduce by its decree the amount of the indebtedness upon the note. However, since the amount of appellant's lien as adjudged was large enough to preclude any probability of redemption by *Mrs. Shove* to save her inchoate right of dower, we are unable to see how the error is prejudicial to appellant so far as relates to the relief granted barring such dower right.

This action was not brought under the statute, to foreclose the mortgage, therefore the provisions thereof in relation to a personal judgment against the mortgagor, *Theodore C. Shove*, has no application. It is by no means certain that if the mortgagees had stood upon their rights as to the judicial enforcement of the mortgage, such a judgment as we

have here could properly have been rendered. The statutes of this state are mandatory as to judicial proceedings to enforce a mortgage, regardless of the value or nature of the interest of the mortgagee in the subject of the mortgage. However, respondent submitted to the proceedings adopted by appellant, so there is no complaint that can now be successfully heard here in regard thereto, unless the trial court committed prejudicial error against appellant in refusing to award him the full benefit of the remedy he invoked.

Complaint is made because of the refusal to render a personal judgment against *Mr. Shove.* This language was used in the trial court's decision: "The plaintiff cannot in this action be given a personal judgment for the recovery of the amount due on the note." We assume that the court supposed that, since the action was not a statutory foreclosure of the mortgage, rendering the statute on the subject of deficiency judgments applicable, a personal judgment would be improper. The complaint plainly indicates that the pleader intended to secure the benefit of a cause of action against *Mr. Shove* to recover on his personal liability in the equitable action to bar the dower right of *Mrs. Shove.* The two causes of action arose out of the same transaction and were connected with the same subject of action. Therefore they were such causes of action as may be properly joined under subd. 1, sec. 2647, Stats. 1898, which provides that causes of action, whether they be such as were formerly denominated legal or equitable or both, may be joined where they arise out of the same transaction or are connected with the same subject of action. True, the statute further requires, as a condition of the joinder, that the several causes of action shall affect all the parties, and be separately stated, which condition was not satisfied in this case. But it has been repeatedly held that objection on that ground is waived unless taken by demurrer. So it seems that the trial court was wrong in deciding that appellant could not

have a personal judgment against *Mr. Shove.* Probably
the learned court was guided by the early decision of this
court in *Walton v. Goodnow,* 13 Wis. 661, and decisions to
the effect that, without statutory authority, a personal re-
covery as in an action at law cannot be had in a suit to en-
force a mortgage, overlooking subsequent decisions holding
that such relief is proper under the Code independent of
any statute allowing a deficiency judgment in a foreclosure
action. In *Sauer v. Steinbauer,* 14 Wis. 70, *Jesup v. City
Bank,* 14 Wis. 331, and *Cary v. Wheeler,* 14 Wis. 281, it was
held that the Code provision to which we have referred
permits the joinder of an equitable cause of action to en-
force a mortgage and an action at law upon the note it
secures, if the mortgagee is the only party defendant; and
that if there is such a joinder of causes of action where
there are defendants unaffected by the personal liability,
the defect is waived by failure to demur upon that ground,
and both causes of action may proceed to judgment upon
equitable principles. Following that rule, a judgment for
a deficiency, after the exhaustion of the mortgage security,
was held proper, notwithstanding there was no express
statute allowing such a recovery.

It follows that appellant was entitled, as a matter of right,
to a judgment against *Shove* for the amount of the latter's
personal liability. The limit of that would be the amount
due upon the note if the sole reliance of appellant to re-
cover the expenditures for taxes was the statute (sec. 1158)
making such expenditures a lien secured by the mortgage;
but such was not his sole reliance. The mortgage contained
an express agreement that *Shove* would pay the taxes. His
breach thereof rendered him personally liable for the dam-
ages caused thereby to appellant. So the full amount of
his personal liability included the expenditures made to re-
deem the mortgaged premises from taxes. A personal judg-

Endress vs. Shove and wife.

ment should have been rendered in appellant's favor for such amount, with the costs of the action.

*By the Court.*— The judgment appealed from, as to *Ellen E. B. Shove*, is affirmed. As to *Theodore C. Shove* it is reversed, and the cause remanded with directions to re-enter the judgment so it will not extend the time for *Mrs. Shove* to redeem, but will give appellant the relief he is entitled to against *Theodore C. Shove* as indicated in this opinion. No costs in this court are allowed to respondent *Ellen E. B. Shove*. Full costs are allowed appellant against *Theodore C. Shove*, except that the amount for printing is limited to fifty pages.