WELLS, Respondent, vs. SCANLAN and others, Appellants.

*January 31—February 21, 1905.*

*Mortgages: Deed and defeasance: Limitations: Where cause of action accrues.*

1. A deed given as security for a loan, and a written defeasance by which the lender agreed to reconvey upon payment of the debt, together constituted a mortgage.

2. The statute (subd. 2, sec. 4221, Stats. 1898) limiting to ten years "an action upon a sealed instrument when the cause of action accrued without this state," does not apply to an action to foreclose a mortgage of land situated in this state, although both parties reside in another state. Such an action, being merely a proceeding against land in this state, is local and not maintainable in the courts of any other state, and hence the cause of action accrues in this state and nowhere else.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

On March 10, 1891, *Agnes M. Scanlan,* in consideration of a loan of $1,500 either to herself or to her husband, executed her note for that amount, payable 'at Chicago, Illinois, three months after date, and, as security, deeded to the lender, Andrew S. Work, lands in Dodge county, Wisconsin, and received from Work a written defeasance, agreeing to reconvey upon payment of the debt. Work transferred the note to one J. H. Wheeler, who had negotiated the loan. He recovered judgment thereon against *Agnes M. Scanlan* in Chicago on October 19, 1891. In November, 1891, one Hedenberg paid the amount of that judgment in purchase thereof, as now claimed, but received no formal assignment of it until June 22, 1898, when Wheeler executed and delivered such assignment. On the 7th of July, 1900, Wheeler made another formal assignment of the judgment to the plaintiff, *Wells,* and on the same day Hedenberg also made an assignment of it to her, and Work made a quitclaim to her of the Dodge county lands. This action was brought on substantially the foregoing facts, with a prayer of strict foreclosure of the interest of *Agnes M. Scanlan* and other defendants claiming some rights under her, but praying also general and equitable relief.

The defense interposed was that the money was borrowed by *Mrs. Scanlan* for the benefit of Hedenberg, who agreed with her to pay the debt; hence that his payment of the judgment to Wheeler canceled the debt, as also the mortgage

interest held under her deed. The answer also set up expira--
tion of ten. years, and bar by limitation, under sec. 4221,
Stats. 1898. *Agnes M. Scanlan* died before the trial, and
there was no evidence offered of the alleged primary indebted-
ness of Hedenberg.

The court held that the transaction constituted a mortgage;
that Hedenberg's action amounted to a purchase of the debt,
and not a payment; and that the statute of limitations was
not a bar to the action—whereupon it rendered judgment for
foreclosure and sale, in the usual statutory form, without any
direction for a personal judgment for deficiency. From this
judgment the defendants appeal.

The cause was submitted for the appellants on the brief of
*George W. Sloan* and *K. C. Lewis,* and for the respondent
on that of *John C. Healy,* attorney, and *W. E. Keeley,* of
counsel.

Dodge, J. Both parties agree that the writings between
*Mrs. Scanlan* and Work constituted a mortgage, the conces-
sion being fully justified by the authorities in this state.
*Brinkman v. Jones,* 44 Wis. 498, 514; *Cumps v. Kiyo,* 104
Wis. 656, 659, 80 N. W. 937; *Beebe v. Wis. M. L. Co.* 117
Wis. 328, 332, 93 N. W. 1103.

The defense of payment resulting from Hedenberg's al-
leged primary liability as between him and Scanlan is, owing,
perhaps, to the death of *Mrs. Scanlan,* wholly unsupported by
evidence; and the finding that the transaction between Hed-
enberg and Wheeler was that of purchase of the judgment is
supported both by the documentary and oral evidence. There
is full proof of the transfer of the debt evidenced by the judg-
ment, and also the formal title to or lien upon the land, to
plaintiff.

The only remaining defense is subd. 2, sec. 4221, Stats.
1898, limiting to ten years "an action upon a sealed instru-
ment when the cause of action accrued without this state."

Appellant argues that this action accrued in the state of Illinois, because both plaintiff and defendant there resided. That position he supports by certain authorities, some of which do in fact contain the declaration that a cause of action arises in the state where the debtor resides, and nowhere else; but those decisions are all with reference to personal liabilities, to actions on which the presence of the debtor is essential. A suit to foreclose a mortgage or enforce other lien upon land is distinct from the action at law to recover the debt. *Duecker v. Goeres,* 104 Wis. 29, 37, 80 N. W. 91. The rendition of a personal judgment against the debtor may or may not be joined with the suit to enforce the lien by virtue of our statute, and perhaps by virtue of the general power of a court of equity to render complete justice between the parties, but it is a wholly nonessential part of the suit. Thus it has been definitely settled in Wisconsin that even the complete destruction of the debt by statute of limitation has no effect upon the right to maintain an equitable suit to enforce the mortgage. *Wiswell v. Baxter,* 20 Wis. 680; *Whipple v. Barnes,* 21 Wis. 327; *Duecker v. Goeres, supra.* Hence there can be no doubt that this action is what it purports on its face to be—a mere proceeding against the real estate in Wisconsin. Such an action, of course, is local, and could not be maintained in the courts of any other state. They would have no jurisdiction of the subject matter, for, the proceeding being substantially *in rem,* the res would not be within their reach. No adjudication they could make could act upon it. *Ellenwood v. Marietta C. Co.* 158 U. S. 105, 15 Sup. Ct. 771; *Swift v. James,* 50 Wis. 540, 7 N. W. 656; Story, Confl. Laws, secs. 539, 551.

It is surely absurd to assert that a cause of action accrues in a state where there is no court which can take jurisdiction of its subject matter. . The very reasoning of the cases cited by appellant, insisting upon the accrual of the action at the place of defendant's residence, base such insistence upon the

necessity of his presence in order to give the court jurisdiction. *Luce v. Clarke,* 49 Minn. 356, 51 N. W. 1162; *Humphrey v. Cole,* 14 Ill. App. 56, 62; *Hyman v. McVeigh,* 10 Chi. Leg. News, 157; *O'Donnell v. Lewis,* 104 Ill. App. 198, 201. Thus in the Illinois cases it is said a cause of action has arisen in another state "when jurisdiction existed in the courts of another state to adjudicate between the parties upon the particular cause of action." The Minnesota court declares that the cause of action on a personal debt arises only where and when there concur "the existence of facts constituting a cause of action suable in the courts of that state, and the presence in it of the defendant." Then only is there "the opportunity to commence an action in that state." Wherever courts have had before them the subject of an action *in rem,* or directly affecting real estate, they have held that the cause of action has no existence except within the jurisdiction where the land is. *Anderson v. Baxter,* 4 Oreg. 105, 111; *Bradley v. Cole,* 67 Iowa, 650, 25 N. W. 849. We cannot doubt the correctness of this view, nor hesitate over the conclusion that the cause of action now presented accrued in the state of Wisconsin, and nowhere else. For that action the presence of the land was necessary to the jurisdiction of any court over the subject matter, while the presence of the defendant was in no wise essential, for the court could act upon the *res,* wherever the defendant might be, by means of substituted service of process. Stats. 1898, sec. 2639, subd. 4; *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50; *Pennoyer v. Neff,* 95 U. S. 714; *Arndt v. Griggs,* 134 U. S. 316, 10 Sup. Ct. 557.

This conclusion is, of course, fatal to the contention that the cause of action accrued outside of this state, and precludes application of the statute pleaded. It results that no defense was established, and the judgment of foreclosure and sale was proper.

*By the Court.*—Judgment affirmed.