OGDEN, Respondent, vs. BRADSHAW, Appellant.

*December 11, 1914—May 18, 1915.*

*Mortgages: Foreclosure: Judgment: Form: Deficiency: Limitation of actions: Covenant to pay in mortgage: Taxes paid: Interest: Maximum rate recoverable.*

1. Where a mortgage securing a note contains a covenant to pay the amount named in the note, specifying it, the circuit court has jurisdiction, upon a complaint asking such relief, to render a personal judgment for damages upon such covenant and a judgment for foreclosure of the mortgage without provision for a deficiency judgment; and, in the absence of any objection at the trial or any request for an ordinary foreclosure judgment, defendant cannot afterwards complain that the judgment so rendered does not conform strictly to the foreclosure statute.
2. Where a mortgage under seal contains a covenant to pay the debt secured thereby, neither the right to foreclose nor the right to a personal judgment for deficiency is barred until the expiration of twenty years from the time of default.
3. Where the mortgage contains also a covenant by the mortgagor to pay taxes, damages for breach of such covenant may be added to the amount found due.
4. The covenant in this case being to pay the sum specified in the note "with interest accruing thereon at the times and in the manner stated in said note," the note, though barred, may be taken to fix the terms of interest on the amount secured by the lien.
5. Even though a note expressly provides for the compounding of interest, the maximum recovery for interest thereon must not, under sec. 1689, Stats., exceed ten per cent. per annum simple interest.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. Ross, Circuit Judge. *Affirmed.*

The judgment provides, among other things, that plaintiff recover upon the first cause of action stated in the complaint the sum of $6,546.36 damages and $46.31 costs and disbursements, in all the sum of $6,592.67, and that plaintiff have execution therefor and all other remedies usual upon personal judgments; that there is due plaintiff upon the note and secured by the mortgage for principal, interest, and taxes paid, the sum of $6,546.36 principal, the further sum of $78.81 costs, and the further sum of $50 attorneys' fees, in all the sum of $6,675.17, which sum is a lien upon the mortgaged premises; that the mortgaged premises be sold at any time after one year from the date of the judgment, unless redeemed previous to such sale by payment of the amount so adjudged to be due with interest at six per cent. per annum and subsequent costs; that any sum or sums collected upon the judgment entered against the defendant personally upon the first cause of action shall be applied toward the payment and discharge of this judgment of foreclosure and sale.

For the appellant there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *George B. Hudnall.* They contended, *inter alia,* that plaintiff was not entitled to "interest at ten per cent. per annum on said principal and on all payments of interest after they severally mature until paid," as called for in the note. Defendant did not, in the mortgage, covenant to pay the note according to its terms; in fact he did not agree to pay the note at all. He simply agreed to pay "the sum of money above specified with interest accruing thereon." The sum of money above specified with interest accruing thereon was $1,650, with interest at eight per cent. These sums he agreed to pay "at the times and in the manner stated in said note." The time stated in the note is five years after the date of the note. The manner stated in the note is "gold coin payable at the State Bank, Madison, Wis." The

statute of limitations having run on the note, the note is as effectually out of the case "as if paid or otherwise discharged." *Eingartner v. Ill. S. Co.* 103 Wis. 373, 376, 79 N. W. 433. Not having paid the agreed sums at the time agreed—October 9, 1900,—defendant thereby breached the covenant in the mortgage, and for such breach, the amount being liquidated, plaintiff was entitled to six per cent. interest from the time of the breach. ·

For the respondent there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.* They argued, among other things, that the judgment was not rendered for a larger amount than was due upon a proper computation of interest. The promise in the mortgage, by referring to the note, is just as complete as if the note was incorporated bodily in and as a part of the covenant. *Elmore v. Higgins,* 20 Iowa, 250; *Lake View v. MacRitchie,* 134 Ill. 203, 25 N. E. 663; 9 Cyc. 582; *Miller v. Edgerton,* 38 Kan. 36, 15 Pac. 894; *Short v. Van Dyke,* 50 Minn. 286, 52 N. W. 643; 1 Jones, Mortg. (6th ed.) § 71; *Norton v. Kearney,* 10 Wis. 443; *Wright v. C. S. Graves L. Co.* 100 Wis. 269, 75 N. W. 100.

The following opinion was filed January 12, 1915:

TIMLIN, J. The plaintiff in his complaint set forth two separate causes of action, the first at law for damages on a note and on a covenant of payment thereof found in the mortgage and on a breach of the covenant to pay taxes contained in the mortgage; the second cause of action was the ordinary complaint for foreclosure of a mortgage and sale of the mortgaged premises, not, however, seeking judgment for deficiency. No objection was made to the form of the complaint by demurrer, motion, or otherwise, but the defendant made answer to the merits and went to trial on such pleadings. There was not even a request made to the circuit court that the ordinary judgment of foreclosure and sale should be rendered. No exception to the form of the judgment was taken,

and exceptions to the findings of fact and conclusions of law were not made until thirty days after judgment and do not cover this point. The appellant now seeks to raise for the first time in this court the question whether the ordinary judgment of foreclosure and sale should not have been given. This cannot be done. The judgment given follows the pleading. The jurisdiction of the court to render a judgment for damages or its jurisdiction to foreclose a mortgage without making provision for a deficiency judgment are unimpaired. Each pertains to the general common-law and equity jurisdiction derived by the circuit court from the constitution. If it be said that all foreclosure actions must proceed under this statute, the answer is that tacit consent, by failure to take any exception to the proceeding or make any request for such judgment, waives all objection except that the court lacked jurisdiction or that the complaint states no cause of action. Sec. 2654, Stats. 1913. Neither of the two latter objections is made or can be made in the instant case. The plaintiff could have brought separate actions to achieve what he has here done in one action, and it is no serious invasion of defendant's rights that the result was accomplished in one action instead of two. Perhaps this is why the defendant did not ask for any other judgment. For the law where objection is taken, see *Jesup v. City Bank,* 14 Wis. 331; *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653.

The appellant contends that the judgment for damages is unwarranted because an action on the note was barred by the six years' statute of limitations. This is true, but the mortgage, which is under seal, contains the following covenant:

"And the said party of the first part, for himself and his heirs, executors, administrators and assigns, hereby covenants and agrees to and with the said party of the second part, his heirs, executors, administrators and assigns, as follows, to wit: that he will pay to the said party of the second part, his heirs, executors, administrators and assigns, the sum of money above specified with interest accruing thereon at the

times and in the manner stated in said note, together with all costs and expenses, if any there be."

The sum of $1,650 was previously specified in the mortgage. There is no legal necessity that a bond or note exist as collateral to the mortgage. The covenant to pay a specified sum may be contained in such collateral instrument or in the mortgage itself. There may be two promises, one in the note and another in the mortgage; one on simple contract and the other a covenant under seal. 1 Jones, Mortg. (6th ed.) § 72; 2 id. § 1225.

It has been held that judgments for damages against the mortgagor may be had upon his covenant contained in the mortgage to pay the taxes on the mortgaged property. *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653. It has also been ruled in numerous cases in this state that after the statute of limitations has run against the simple contract debt evidenced by promissory note to which the mortgage is collateral, the mortgage, being an instrument under seal, may be foreclosed within twenty years after default on the note; but no judgment for deficiency can be given against the mortgagor in such case. *Wiswell v. Baxter,* 20 Wis. 680; *Knox v. Galligan,* 21 Wis. 470; *Whipple v. Barnes,* 21 Wis. 327; *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91; *Wells v. Scanlan,* 124 Wis. 229, 102 N. W. 571. It would seem to follow that where the covenant to pay is found in the mortgage and the mortgage is a sealed instrument, not only the right to foreclose but the right to a personal judgment for deficiency would run twenty years from the time of default.

We conclude that, the covenant to pay being under seal, the right to a judgment for deficiency was not barred, and on the authority of *Endress v. Shove, supra,* that there was properly added to the amount due on the note the amount which the mortgagee was obliged to pay for taxes delinquent by default of the mortgagor, there being an express covenant on the part of the latter to pay these taxes. The agreement covered by

the note and mortgage was to pay $1,650 five years after October 9, 1895, with interest until paid at the rate of eight per cent. per annum payable semi-annually, and with interest at ten per cent. per annum on the principal and on all payments of interest after they severally mature until paid. The court by its judgment allowed the plaintiff for principal and interest due on the note and mortgage up to the time of judgment $4,358.26. This meant an allowance of $2,708.26 for interest. This appears to be in line with the contract of the parties and does not exceed the maximum of ten per cent. per annum simple interest permitted by sec. 1689, Stats. 1913.

*By the Court.*—The judgment of the circuit court is affirmed.


A motion by the appellant for a rehearing was denied May 18, 1915, and the following opinion was filed:


PER CURIAM. In the motion of appellant for a rehearing our attention is called to an error of fact in the opinion relative to the amount allowed for interest in the judgment appealed from. That amount was stated to be $2,708.26, but this took no account of several interest payments which had been made and which amounted to $485.74, consequently the true amount was $182.75 in excess of $3,611.25, the latter sum being ten per cent. per annum simple interest on the principal for eighteen years and three months.

The appellant makes two points upon rehearing: *First,* that the judgment should be modified by reducing the interest to eight per cent. simple interest for the whole time, because notwithstanding the provisions of the note calling for a computation of interest upon interest instalments in arrears this covenant was not repeated in the mortgage and suit on the note was barred by the statute of limitations. This point is overruled because the note, although barred, yet may be taken

to fix the terms of interest on the amount secured by the lien. *Potter v. Stransky,* 48 Wis. 235, 4 N. W. 95, and cases cited. *Second,* that the judgment should be modified by reducing as of the date of the judgment the amount of interest awarded by $182.75. This point is sustained. Sec. 1689, Stats. 1913.

Quite similar statutes have received this construction in *Mathews v. Toogood,* 25 Neb. 99, 41 N. W. 130; *Brown v. Crow* (Tex.) 29 S. W. 653; *Kimbrough v. Lukins,* 70 Ind. 373; *Smith v. Parsons,* 55 Minn. 520, 57 N. W. 311; *Columbia Co. Comm'rs v. King,* 13 Fla. 451.

The motion for rehearing is granted to the extent of modifying the former judgment, as indicated in the opinion, with $25 costs of the motion to be taxed in favor of the appellant. In all other respects the motion for rehearing is denied. The mandate in the case is amended so as to read as follows: Judgment modified by deducting therefrom, as of its date, the sum of $182.75, and as so modified affirmed, with costs in favor of the respondent.