CAVADINI, Respondent, vs. LARSON, Appellant (Two cases) : SCANDINAVIAN MUTUAL FIRE INSURANCE COMPANY, Garnishee Defendant.

*February 9—April 11, 1933.*

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin*.

For the respondent there was a brief by *Hale & Burke* of La Crosse, and oral argument by *Quincy H. Hale*.

FOWLER, J. The appellant makes three contentions: (1) that the plaintiff could not join two causes of action,

but was limited to suit on the note or to foreclose the mortgage; (2) that the plaintiff could not garnish the insurance money until after procuring a judgment for deficiency in the foreclosure action; (3) that the insurance money was exempt because the property burned was the defendant's homestead.

(1) The appellant contends that the plaintiff cannot join in one complaint an action on the note and an action to foreclose the mortgage; that the plaintiff in fact has but one cause of action, which is an action to enforce the right he acquired by reason of the giving of the note and mortgage; and that as the right of foreclosure is so given to him and he has invoked foreclosure to enforce that right, he is limited to proceedings in foreclosure according to the foreclosure statutes and the judgment must be of foreclosure with provision for a personal judgment in case of a deficiency on sale of the land.

In the case of *Ogden v. Bradshaw,* 161 Wis. 49, 150 N. W. 399, 152 N. W. 654, the complaint comprised a cause of action on a note and one for foreclosure of the mortgage securing it. The foreclosure complaint did not ask for a deficiency judgment. Judgment for the amount due on the note and for foreclosure of the mortgage was entered, without provision for a deficiency judgment and with provision that any sums collected upon the personal judgment be applied towards discharge of the judgment of foreclosure. The judgment was affirmed. This precise course was followed in this case. There was no garnishment in aid of the personal judgment in that case, but the amount collected on the personal judgment in the garnishment proceedings was here directed to be credited precisely as the amount that might be collected on the personal judgment in that case was directed to be applied.

It is urged by appellant that no objection to the joinder or to the form of the judgment was made in that case until

the case reached this court, and that the court in its opinion stated that if the objection had merit the appellant had waived it by not raising it in the court below. Whether the objection had merit the court did not expressly state, but it does state (p. 52) that:

"The plaintiff could have brought separate actions to achieve what he has here done in one action, and it is no serious invasion of defendant's rights that the result was accomplished in one action instead of two."

The opinion refers to *Jesup v. City Bank of Racine,* 14 Wis. *331, 359, and *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653, for the law as to joinder where timely objection is taken.

Reference to the *Jesup Case, supra,* discloses that at the time of the decision a cause of action on a note could be joined with one for foreclosure of the mortgage securing it if confined to the parties to both note and mortgage. The syllabus of *Endress v. Shove, supra,* was by Mr. Justice MARSHALL and it is there stated that:

"A cause of action to enforce a mortgage, and one to recover on the personal liability of the mortgagor, grow out of the same transaction and are connected with the same subject thereof, hence may be joined under the statute on that subject regardless of the statutory provision for deficiency judgments in foreclosure cases, provided no one other than the debtor is made a defendant and the two causes of action are separately stated."

If this be true, the practice followed herein was correct.

The respondent argues that the *Endress Case, supra,* was not for foreclosure of a mortgage. But the case was in equity and facts were stated warranting foreclosure if foreclosure was the proper relief to grant under the circumstances disclosed. The plaintiff demanded a personal judgment against the defendant. He contended that because he had bought in the premises at a sheriff's sale upon a judgment lien ahead of the lien of his mortgage he had acquired

an absolute title to the premises and that this merged the mortgage, so that there was no necessity or reason for foreclosure. The relief expressly asked was for judgment for the amount of the mortgage debt and that the wife of the defendant be barred of her dower right unless the amount adjudged due should be paid within such reasonable time as the court might fix. The plaintiff prayed also for such other or further relief as was just and equitable, so that judgment of foreclosure would have been entirely proper had the court not held that the mortgage merged in the title passed by the sheriff's deed. Thus the statement of the syllabus, which is supported by the opinion at page 140, was within the issues raised by the complaint.

The defendant cites *Marling v. Maynard,* 129 Wis. 580, 109 N. W. 537, in support of his position. The amended complaint in that action alleged the execution of a note and mortgage and other facts warranting a judgment of foreclosure of the mortgage; it also alleged that two persons named had guaranteed payment of the note and demanded judgment for the amount of the note, with provision that in case of sale of the premises pursuant to the statutes relating to foreclosure of mortgages a deficiency should arise it have judgment for the deficiency against the guarantors. The plaintiff in the suit was an assignee of the mortgagee. A purchaser of the premises subsequent to execution of the mortgage who assumed the mortgage debt was made a party to the suit. She defended on the ground that she had paid the mortgage debt to the original mortgagee without notice of its assignment which had not been recorded. Her defense was sustained by the supreme court in a former appeal and the case had been remanded for further proceedings. In the further proceedings judgment had been entered against the signer and the guarantors of the note for the amount thereof, and the guarantors appealed. On the appeal the judgment against them was reversed. The original judgment had pro-

vided for a deficiency judgment against the guarantors which was in accordance with the prayer of the complaint and such judgment was not appealed from. The later judgment against them was reversed because the original judgment only provided for judgment against them in case of a deficiency on sale of the premises, and as there had been no sale there was no deficiency judgment and consequently there was no authority for entry of any judgment against them. The opinion closes with the statement:

"Such statute (respecting foreclosures) gave no authority for the rendition of the personal judgment against . . . (the guarantors). Such personal judgment seems to have been independent of the mandate and regardless of the statute. It does not seem to be authorized by any adjudication of this court. . . . As indicated, the personal judgment against . . . (the guarantors) is not covered by the mandate nor authorized by the statutes, nor justified at common law, and hence is erroneous."

On careful examination, however, this case affords small comfort to the defendant. It in fact supports the contention of the plaintiff. The opinion states the common-law rule respecting foreclosure of mortgages, which was, that the plaintiff in such actions could only have sale of the premises to satisfy the debt. If the debt was not so satisfied he could have no further remedy in that action. He could sue at law upon the note concurrently with the suit for foreclosure, or when a deficiency on sale in the foreclosure action arose he could sue at law for the deficiency. The court then goes on to say that only so far as the common law had been changed by statute could the common-law foreclosure remedy be extended. It refers to the common law being modified by the statute respecting joinder of causes of action, thus indicating that action on the note and action for the foreclosure of the mortgage may be united in one complaint if the parties to the action are the same. A concurring opinion written by Mr. Justice WINSLOW and concurred in by Mr.

Justice MARSHALL was filed in which it is pointed out that prior to the enactment of ch. 243, Laws of 1862, which expressly authorized a judgment for deficiency in foreclosure actions and which included in all essential particulars the provisions of sec. 268.04, "the law in this state was that the action at law could be joined with the foreclosure action where the mortgagor was the sole defendant." Ch. 243 of 1862 merely changed the previous rule that to secure a personal judgment of any kind in a foreclosure action a separate cause of action on the note had to be set up with it. It is to be noted that the language of sec. 2, ch. 243, Laws of 1862, and of sec. 268.04, Stats., is that the plaintiff *may* ask for sale on foreclosure and for a deficiency judgment, not that he must do so. There is nothing in the statute to compel the plaintiff to ask for a deficiency judgment in his foreclosure action. He may do, as plaintiff did before the enactment of ch. 243, Laws of 1862, ask only for sale of the mortgaged land to satisfy the debt; and he may also do as plaintiffs did before the enactment, join in the same complaint separate causes of action on the note and on the mortgage, where the parties are limited to the parties to the note. This the plaintiff has done here and the complaint is not subject to effective attack for misjoinder or for other reason that we perceive. We see no reason why in such case judgment may not properly be entered for the amount of the note with provision for sale of the premises for satisfaction of the judgment.

(2) The contention that garnishment does not lie falls with the contention that a cause of action on the note cannot be joined with one for foreclosure. The action on the note is one "to recover damages on contract." Sec. 267.03, Stats., provides for garnishment of debts owing the debtor in such an action.

(3) On the face of the statutes as they stand in the 1931 compilation and as they have stood since R. S. 1878, the

contention that the insurance money is not garnishable be-
cause the property burned was part of the defendant's home-
stead cannot be upheld for the reason that the mortgage in
suit is a purchase-money mortgage.  Property exempt from
seizure on execution is not garnishable.  Sec. 267.03 (1).
The homestead is so exempt.  Sec. 272.20.  All money aris-
ing from insurance on property exempt from execution
burned by fire is not subject to seizure on any provisional
or final process of a court.  Sec. 272.18 (17).  Garnishment
is such a process.  If there were no other statute on the
subject the insurance money would be exempt from seizure.
But sub. (23) of sec. 272.18 provides that "no property
exempted by the provisions of this section shall be exempt
from execution . . . for the recovery of the whole or any
part of the purchase money of the same property."

The defendant urges that the statutes as they stand re-
specting the matter are not the law of the state, but the law
is as established by ch. 366, Laws of 1860, which provided
that the owner of a homestead might insure it against loss
by fire and that the money payable on its loss by fire should
not be subject to garnishment and should be exempt from
the payment of the owner's debt.  This provision made in-
surance money on a burned homestead exempt from garnish-
ment even upon a debt for the purchase price.  Insurance
money on burned personal property was by existing statutes
so exempt, except for the purchase price of the property
burned.  The revisors of R. S. 1878 incorporated the provi-
sion exempting insurance money on the homestead with that
exempting insurance money on personal property and thus
brought it within the exception that it is not exempt on a
debt for the purchase price.  The appellant argues that this
was a mistake of the revisors; that the power of the revisors
was limited to codifying the existing law; that the legislature
in enacting the revision did so on the understanding that no
change in the law would be effected; that as no change was

intended none was effected; and that thus ch. 366, Laws of 1860, is still in effect. We cannot uphold this contention. It appears quite clearly from the enacting clause of R. S. 1878 and ch. 205 thereof that the legislature intended the law to be, and enacted that it should be, as therein expressed. Ch. 205 enumerates the existing statutes that are expressly repealed, and among the laws of 1860 that are so repealed is "Chapter 366. An act to provide for the exemption of insurance money on homesteads." We have recently decided in *Kugler v. Milwaukee,* 208 Wis. 251, 242 N. W. 481, that when the revisor through mistake as to the existing law recommends the repeal of a statute and pursuant to the recommendation the legislature expressly repeals it, the repealing act must be given effect according to its terms.

*By the Court.*—The judgment of the circuit court is affirmed.