FISK, Respondent, vs. JENEWEIN, imp., Appellant.

*November 11 — December 3, 1889.*

*Estates of decedents: Actions against heirs or devisees: Limitation.*

Ch. 286, Laws of 1881, limiting the lien of debts upon the real estate of deceased persons, does not limit the time within which an action against heirs or devisees may be brought under R. S. secs. 3274 *et seq.* TAYLOR, J., dissents.

APPEAL from the Circuit Court for *Juneau* County.

Action against the widow and the daughter and only heir at law of one Egbert Cary, deceased, to collect out of the real estate of said deceased which descended to said daughter, the amount due upon a promissory note executed by said deceased in his lifetime. The defendant *Mary Jenewein,* the daughter, demurred to the complaint generally and on the ground, among others, that it appeared upon the face thereof that said note became due during the lifetime of the maker; that more than three years elapsed after the death of the maker before letters of administration were applied for and before this note was presented for allowance and before any action was brought thereon; and that the same was no longer a lien upon or a valid claim against the real estate of the deceased; and said defendant claimed the benefit of the limitation prescribed in ch. 286, Laws of 1881. From an order striking out such demurrer as frivolous the said defendant *Mary Jenewein* appeals.

For the appellant there was a brief by *Winsor & Winsor,* and oral argument by *F. Winsor.*

For the respondent there was a brief by *Pinney & Sanborn,* and oral argument by *A. L. Sanborn.*

COLE, C. J. Was the complaint in this case good on demurrer? For, under our practice, we must consider the

order striking it out as frivolous, in that light. The complaint states, in substance, that the defendants are respectively the widow and daughter and only heir at law of one Egbert Cary, deceased; that the plaintiff is the owner and holder of the promissory note mentioned; that Cary gave this note on the 24th day of May, 1875; that the note became due ten months from its date; that Cary died intestate on the 18th day of April, 1881, without having paid the note or any part thereof; that Cary was then a resident of Juneau county, and died seized of the real estate described; that letters of administration on his estate were granted to one Carter, December 1, 1885, and the county court gave notice to the creditors to present their claims against the estate; that the plaintiff, within the time limited, did present the promissory note, which was allowed by the court for the amount due upon it, June 1, 1886; that, on the 6th day of May, 1888, the estate of Cary was fully and finally settled in the county court, and the account of the administrator was settled; that the real estate of the deceased was assigned by the county court to the daughter, subject to the dower right of the widow. The complaint further states that the personal assets of the deceased were not sufficient to pay the plaintiff's debt, in addition to the expenses of administration, and that he had been unable, with due diligence, to collect his debt or any part of it by proceedings in the county court, or from the personal representatives of the deceased, or from his next of kin or legatees. The plaintiff demands judgment that the court ascertain and determine the value of the real estate assigned to the daughter, and that the debt of the plaintiff shall be levied out of such real estate so descended and assigned to her.

The action is brought under sec. 3274, R. S., and the subsequent sections of the chapter, which make the heir liable for the debts of his ancestor which arise upon contract, sub-

ject to certain specified limitations, to the extent of the real estate which shall have descended to such heir. The remedy given is obviously an equitable one, to compel the heir to pay the debts of the ancestor to the extent of such real estate which has descended to him. The provisions of the statutes regulate the equitable proceeding which generally prevailed in some form without such statute, where lands were made subject to the debts of the ancestor. Chancellor KENT says the rule prevails generally in the United States that the lands descended to the heirs are liable to the debts of the ancestor equally, in all cases, with the personal estate. 4 Kent, Comm. 422. The object of the Revised Statutes is to regulate the remedy to enforce this liability. It is not claimed that the complaint fails to state a cause of action under sec. 3274 and the subsequent sections. It seems to meet the requirements of the statutory provisions on the subject, but it is insisted that the debt against such real estate is barred by ch. 286, Laws of 1881. Whether it is or not is the question to be considered.

The first section of ch. 286 provides that " no debt of or claim against any deceased person, which was not a lien upon the real estate of such decedent before his death, shall be a lien upon or valid claim against any such real estate in this state, for the payment of which such real estate can be sold by an executor or administrator after three years from the death of such decedent; or, when such debt or claim shall become due and payable subsequent to the death of said decedent, then such debt or claim shall cease to be a lien on such real estate after three years from the time they shall become due and payable, excepting in the following cases." This is not one of the excepted cases, so the rest of the section may be omitted. Now, what is the meaning of this law? Was it intended to bar all remedy to enforce a debt of a deceased person against his real estate, unless the creditor proceeds within three years from

the death of such person to collect it? Is it a statute of limitation, absolutely barring all actions after that time has elapsed? The learned counsel for the defendants insisted that this is the true meaning and intent of the act. But, if this were the real intent of the provision,— that all remedy should be barred after three years,— why was the language used " no debt of or claim against any deceased person . . . shall be a lien upon or valid claim against any such real estate, . . . for the payment of which such' real estate can be sold by an executor or administrator after three years from the death of such decedent? " Why were these qualifying words used,— the real estate shall not be sold by the executor or administrator after three years to pay the debt or claim, if the debt or claim itself was barred after three years from the death of the decedent? This language would seem, naturally, only to limit the power of the administrator to obtain license and sell the real estate after three years from the death of the deceased; that is, after that time the remedy to collect the debt through the proceedings in the county court is gone. This is the obvious and natural meaning of the act, and it is a forced construction to hold that it creates an absolute bar, and abolishes the equitable remedy against the heir given by the Revised Statutes.

The object of the act, as plaintiff's counsel contends, is to clear up titles to real estate and make it marketable, or facilitate its sale by barring all rights to proceed for its sale in the county court after a given time. The act is entitled " An act to limit the lien of debts upon the real estate of deceased persons, and to provide for making a record of the descent thereof." Provision is made for the county court declaring the descent of lands after three years, where there has been no administration, and for making a record of the title for such lands. As the law was prior to this act, the title to real estate might be clouded for a long time by

the supposed existence of unsettled claims against the estate, for the payment of which lands were liable to be sold. Consequently, a purchaser from the heir might not obtain a good title so long as this liability of the land to be sold continued. *Ferguson v. Carson*, 9 Mo. App. 497; *Fike v. Green*, 64 N. C. 665; *State v. Ramsey Co. Probate Court*, 25 Minn. 22; *Den ex dem. Warrick v. Hunt*, 11 N. J. Law, 1; *Horner v. Hasbrouck*, 41 Pa. St. 169.

It will be seen that the language is "no debt of or claim against any deceased person which was not a lien upon the real estate of such decedent before his death shall be a lien upon or valid claim against any such real estate," etc. This evidently refers to the liability of lands to be sold for the payment of the debts of the deceased where there was a deficiency of personal assets to meet such debts. In such a case the real estate was in the nature of equitable assets which would be applied; and the liability of the real estate to be so applied is denominated a lien upon or a valid claim against the real estate in this act. The wisdom of a limitation as to the debts against a deceased person, different from that which applies generally to the same kind of debts, is not obvious; but still this consideration would be entitled to little weight were the intention of the legislature clear. But it seems to us it cannot fairly be said that the intent and object of ch. 286, Laws of 1881, was to bar all actions upon a debt or claim against any deceased person after three years from his death. Such intent is not clear, but, at best, it must be derived from an argumentative and forced construction beyond the language of the act. The act purports merely to limit the remedy of a sale of lands for debts by the county court to three years. It does not profess to abolish or destroy the equitable remedy against the heir which is given by ch. 141, R. S. When the legislature clearly enacts that this equitable remedy shall be barred in three years from the death of the de-

ceased, it will be the duty of the courts to enforce the law, notwithstanding what may appear to be an unjust discrimination in it. But to give the statute the construction contended for by defendant's counsel is attaching a meaning to the language used which is forced and beyond its fair import. We are inclined to concur in the construction which the plaintiff's counsel placed upon the act, that it means that no debt or claim shall continue to be a lien or valid claim against the real estate of which the deceased died seized after three years, so as to authorize the county court to order it to be sold by the executor or administrator; but that this does not bar any other existing remedy to enforce the payment of the debt. This leaves the equitable proceeding still in force.

We have already said the facts stated in the complaint meet the requirements of the provisions of the Revised Statutes relative to suits against an heir to whom real estate has descended. It must therefore be held sufficient on demurrer. *Botts v. Genung*, 5 Paige, 254; *Parsons v. Bowne*, 7 Paige, 354; *Schermerhorn v. Barhydt*, 9 Paige, 46.

TAYLOR, J. This action was brought by the respondent to subject certain real estate to the payment of a debt due from Egbert Cary, deceased. The real estate sought to be subjected to the debt descended to the appellant as sole heir at law of the said deceased. Egbert Cary died in this state on April 18, 1881, intestate. No letters of administration were issued upon said estate until December 1, 1885, more than three years after his decease. On the 1st day of June, 1886, the claim of the plaintiff was duly presented and allowed by the county court from which said letters of administration were issued. The administration of said estate was settled on the 6th day of March, 1888. The complaint then alleges that the said county court refused to grant an order to sell the real estate of the deceased to pay

said debt, for the reason that letters of administration had not been granted within three years after the death of said deceased, and the undivided fourth part interest in said real estate was assigned to said appellant, subject to the dower interest of the widow of said deceased. Other allegations in the complaint are made, showing a good cause of action under ch. 141, R. S., unless the action is barred by sec. 1, ch. 286, Laws of 1881. The debt was a debt past due from the deceased to the plaintiff in the lifetime of the deceased.

I am unable to concur in the opinion of the court filed in this case. It seems to me that a wrong interpretation is given to this statute. The effect of the opinion is that this statute has no effect except to take away the right of a county court, having jurisdiction of the estate of a deceased person, to subject the real estate of the deceased to sale for the payment of his debts after the expiration of three years from the death of the deceased, unless letters of administration on his estate have been issued within three years from his death. It seems to me that this is not the real meaning of the statute, either in its letter or spirit. If we read the whole chapter it appears to me very clear that the object of the statute was to relieve the real estate of a deceased person from the claim or lien of his debts, when such debts were not a lien thereon at the time of his decease, unless such lien or claim shall be enforced within three years after his decease, except in cases where letters of administration were issued within said three years and the claim presented to the court or commissioners within that time. This lien or claim of the creditor of a deceased person upon the real estate of the deceased after his death, when such claim was not a lien in the lifetime of the deceased, is a lien created by law, and, like any other lien or claim, it is the policy of the law to limit it in its continuance within a reasonable time, and, unless the party avails himself of the remedies he

may have to enforce this lien, to bar him from enforcing it in any way.

The title of the act indicates its purpose, viz.: " To limit the lien of debts upon the real estate of deceased persons," etc.    Now, if the object had been to merely limit the time within which the real estate of deceased persons might be sold by the order of the county court having jurisdiction over his estate, it seems to me the title would have been entirely different.    It would have been either " to limit the time within which real estate of a deceased person may be ordered sold by the county court to pay his debts," or " to limit the time within which the county courts may order the sale of real estate for the payment of the debts of a deceased person."    It is evident to me that the title of the act does not indicate such a limited construction to the act as is given to it by the court.

Is there anything in the language of the act itself which calls for the limited construction given to it?    With all due respect to the decision of this court, it seems very clear to me that there is nothing to justify such limited construction. It is argued that the act was not intended to limit the time within which a creditor of a deceased person can proceed to collect his debt from an heir, devisee, or the next of kin of such deceased who has received any real estate by descent or devise from the decedent.    Now, in my view of the case, the only object of the act limiting the continuance of the lien or claim of a creditor of the deceased is to protect such persons against such claim or lien, when not enforced within the time mentioned in the statute.    No other persons are interested in limiting such liens.    They are the only persons who can possibly receive any benefit from the limitation.    Under our system, the heirs, devisees, legatees, or next of kin are the only persons interested in the estate of a deceased person, as against the creditors. And any law limiting the rights of the creditors to enforce

their claims, as against the estate of a deceased person, is a law for the benefit of such heirs, devisees, legatees, and next of kin, and of no one else. And it seems to me that such a law is worse than useless as a limitation law, which simply says that the creditors shall not proceed to sell the real estate of the deceased by a proceeding in the probate court for the payment of the creditor's debt, and still leaves the creditor the right to proceed within either ten or twenty years to pursue such estate in the hands of the heirs, devisees, legatees, or next of kin. How does it help the heir, etc., that the creditor may not sell the real estate of his deceased father, from whom he inherits, in the probate court, unless he proceeds to sell within three years, if after the expiration of that time he may proceed against the estate in his hands, or, if he has sold such estate, proceed against him for the value of the estate so sold? But, as I read the statute, there is nothing in it which points to a limitation of the lien or claim of the creditor upon the real estate of a deceased person to the action of the county or probate court.

The language of the statute is as follows: "No debt of or claim against any deceased person, which was not a lien upon the real estate of such decedent before his death, shall be a lien upon or valid claim against any such real estate in this state, for the payment of which such real estate can be sold by an executor or administrator after three years from the death of such decedent; or, when such debt or claim shall become due and payable subsequent to the death of said decedent, then such debt or claim shall cease to be a lien on such real estate after three years from the time they shall become due and payable, excepting in the following cases." This case is not within any of the exceptions. It will be seen that the only reference in this act to proceedings in the probate or county court is contained in the following words: "For the payment of which such real

estate can be sold by an executor or administrator." It seems to me that these words were inserted in the statute for the purpose of excepting from its operation such debts or claims against a deceased person as are of such a character that they cannot be liquidated until after the estate of the deceased person might be administered upon and distributed by the executor or administrator, and not as intending to limit the executor or administrator from selling the real estate within three years from the death of the deceased. It is very clear that the right of the executor or administrator to sell the real estate of the testator or intestate is not limited to three years from the death, (1) because, in the last clause of the act above quoted, the lien or claim is not limited to three years after the death when it does not become due until after such death, and, if the estate be not administered and closed when the debt becomes due after the death, it is clear that the executor or administrator might be compelled to sell the real estate after the expiration of three years, unless he had, before the time the debt became due, settled the estate and distributed the same; and (2) in the exceptions to the general rule first laid down, the lien is extended beyond the three years when letters of administration have issued within three years after the death of the decedent, and the claim has been duly presented to the county court or commissioners. In such case it is very clear that, under the statute, the executor or administrator would have the right to, and could be compelled by the creditor to, sell the real estate of the deceased after three years. That the limitation of three years was intended to be absolute as to all claims which were due at the death of the decedent, unless presented to the county court or commissioners, is strongly indicated by the last exception to the general rule, which reads as follows: " *Third.* When delay in issuing such letters is caused by an appeal from the county court which

suspends the proceedings therein, the time of such delay shall not be counted as any part of said three years."

It seems to me very clear that the sole object of the statute was to limit the lien of a debt or claim against the real estate of a deceased, which was due at the time of the death of the decedent, to three years, within which the creditor must present and prove his claim as required by the statute, and, if he fails to do so, such real estate is freed from such lien for all purposes. Under our statutes, there is no hardship in this rule. The creditor has the power always in his hands to see that an administrator of the estate of the deceased person is appointed. See sec. 3808, R. S. 1878. And, in the case of a person dying testate, ample provision is made for compelling the qualification of the executor or executors, and, in case of their refusal to qualify, to appoint an administrator for such estate. See secs. 3785, 3786, 3796, R. S. 1878. The other provision of said ch. 286, Laws of 1881, providing for a distribution of the real estate of a deceased person who has died intestate, among his heirs, by an order of the county court, would seem to indicate that the limitation mentioned in the first section of the act was intended for the benefit of the heirs, and not as a mere limitation of the power of the county court to sell the lands of the deceased for the payment of his debts.

I suggest, without argument, that there is another defect in the complaint which is fatal to the plaintiff's claim. Sec. 3274, R. S., and following sections, under which this action is brought, provide, among other things, that the plaintiff must show (and consequently allege in his complaint) "that the plaintiff has been or will be unable, with due diligence, to collect his debt, or some part thereof, by proceedings in the proper county court." Upon the facts stated in the complaint, it is clear that, in the exercise of due diligence, the plaintiff could have subjected the real estate in question to sale for the payment of his debt by a proceeding in the

proper county court. It is certainly the policy of the laws of this state that all debts due from a decedent at the time of his death, and all debts which become due after his death and before his estate is finally settled and distributed by the county court, shall be proved and settled in that court. This provision in sec. 3277 clearly indicates that the person who commences an action under the provisions of said ch. 141, R. S. 1878, must first exhaust his remedy in the county court before proceeding against the heir under said chapter.

In my opinion, the demurrer to the complaint should have been sustained.

*By the Court.*— The order of the circuit court is affirmed.