FISH, Appellant, vs. COLLINS and another, Respondents.

*November 17—December 5, 1916.*

*Mortgages: Foreclosure: Sale more than twenty years after judgment: Laches: Limitation of actions: Statutes: Construction.*

1. The time within which land may be sold under a foreclosure judgment is not limited to twenty years from the rendition of the judgment. Such a proceeding is not an "action" upon the judgment within the meaning of sub. (1), sec. 4420, Stats.
2. The fact that the personal liability of the mortgagor is extinguished does not preclude enforcement of the lien of the mortgage established by the judgment.
3. Sec. 2968, Stats.,—which provides, among other things, that "in no case shall an execution be issued or any proceedings had upon any judgment after twenty years from the time of the rendition thereof,"—applies only to judgments on which execution may issue, and hence is not applicable to a judgment of foreclosure and sale until the coming in of the report of sale and the rendition of judgment for deficiency thereon.
4. Evidence showing, among other things, that a mortgagee foreclosed the mortgage in 1890; that in 1895 he attempted to sell the land under the judgment, but no report of sale was ever made, no deed executed, and the sale was never confirmed; that

he and the mortgagor were neighbors and friends; that during the years 1896 and 1897 he rented the land to a third person; that he supposed until 1914 that he had a deed of the premises and then, upon discovering that he had not, took steps to enforce his judgment,—is *held* to sustain a finding of the trial court that he was not guilty of laches.

5. The right to sell land under a foreclosure judgment more than twenty years after its rendition not being barred by any provision of ch. 177, Stats., the statute cannot be extended so as to bar such right, on the ground of a supposed legislative policy to provide a limitation as to all claims.

6. Statutes creating limitations are to be reasonably and fairly construed, but should not be extended by construction.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge.  *Affirmed.*

Plaintiff brought this action to remove a cloud upon his title.  The facts are these: On December 15, 1887, plaintiff was the owner of forty acres of land in Sauk county, and on that date he gave a mortgage upon said land to secure the payment of $250.  The mortgage was thereafter assigned to the defendant *Collins,* who foreclosed the mortgage, and judgment of foreclosure was rendered on September 15, 1890.  In 1895 *Collins* attempted to sell the land under his judgment, but no report of sale was ever made, no deed executed, and the sale was never confirmed.  Plaintiff and the defendant *Collins* were neighbors and friends.  During the years 1896 and 1897 *Collins* rented the land to one Timothy Howley, and it is claimed that in 1898 the plaintiff made an oral contract with the defendant *Collins* for the purchase of the property in question.  The agreement, however, was never consummated.  *Collins* supposed that he had a deed of the premises, and on August 1, 1914, discovered the fact that he did not have.  He then took steps to enforce his judgment, and the defendant *Hale,* as sheriff, posted notices of sale of the property in question and advertised the same for sale at public auction.  The court found the facts substantially as stated and concluded that defendant had not been guilty of

laches; that the judgment was not barred by the statute of limitations; that the judgment of foreclosure and sale is a valid subsisting lien upon the property in question, and that plaintiff is not entitled to the relief prayed for; and judgment was entered accordingly dismissing the complaint. From this judgment plaintiff appeals.

For the appellant there was a brief by *Grotophorst & Thomas,* and oral argument by *H. H. Thomas.*

For the respondents there was a brief by *Bentley, Kelley & Hill,* and oral argument by *Frank R. Bentley.*

ROSENBERRY, J.   Plaintiff claims that the judgment of foreclosure and sale entered September 15, 1890, is barred by sub. (1), sec. 4220, Stats., as follows:

"Within twenty years: (1) an action upon a judgment or decree of any court of record of this state or of the United States sitting within this state."

As to this claim it is sufficient to say that advertising the property for sale under the foreclosure judgment is not an action and is therefore not within the terms of sub. (1), sec. 4220.

It is further claimed that, because the personal liability of the plaintiff is extinguished, the lien of the mortgage established by the judgment cannot now be enforced.   This court has repeatedly held to the contrary.   *Roach v. Sanborn L. Co.* 135 Wis. 354, 115 N. W. 1102, and cases cited.

It is suggested that plaintiff is prevented from asserting any further rights under the judgment of foreclosure by the provisions of sec. 2968, Stats., relating to the issuance of executions upon judgments, which reads as follows:

"Upon any judgment of a court of record which shall have been perfected under the provisions of section 2894a or any judgment of any other court docketed in any court of record, execution may be issued at any time within five years after the rendition thereof, and when any execution shall have been

so issued and returned unsatisfied in whole or in part *alias* executions may be issued thereon at any time thereafter. But if no execution shall have been issued thereon within said five years it shall only be issued thereafter upon leave granted by the court or a judge thereof, when it shall be made satisfactorily to appear by the affidavit of the party, his agent or attorney that the judgment or some part thereof remains unsatisfied and due; but in no case shall an execution be issued or any proceedings had upon any judgment after twenty years from the time of the rendition thereof."

Attention is called particularly to the last clause of the section. It may be said that the issuance of the notice of sale and the sale of the property under the judgment in question is not a proceeding upon the judgment. A further answer is that sec. 2968 has no application to a judgment of foreclosure and sale until the coming in of the report of sale and the rendition of judgment for deficiency thereon. The last clause of sec. 2968 was in the nature of a proviso enacted by ch. 11, Laws 1868, the words of the proviso being as follows: "Provided, that no execution shall issue, nor any action or proceedings be had upon any such judgment after twenty years from the time of the rendition or docketing thereof." By the revision of 1878, ch. 14 of the Laws of 1866 and ch. 11 of the Laws of 1868 were combined and the words "nor any action" and the word "such" were omitted. The revisers state that the chapters were rewritten but not materially changed, the words "nor any action" being omitted for the reason that the subject was covered by the chapter on limitations. Independent of the history of the statute, we are of the opinion that sec. 2968 is intended to apply only to judgments on which execution may issue. A judgment of foreclosure and sale is not such a judgment.

The finding of the trial court that the defendant *Collins* was not guilty of laches is sustained by the evidence.

It is contended that an examination of ch. 177, Stats., discloses an intention to provide a limitation as to all claims, and that the court should give effect to the legislative policy

by so construing the statutory law as to create a limitation upon the right of the defendant *Collins* to proceed upon the judgment of foreclosure and sale. His right to proceed not being within the terms of any provision of the statutes, we cannot extend the statute by construction so as to include it. Statutes creating limitations are to be reasonably and fairly construed. *Whereatt v. Worth,* 108 Wis. 291, 84 N. W. 441. But they should not be extended by construction. *Fisk v. Jenewein,* 75 Wis. 254, 43 N. W. 950, 44 N. W. 515. Therefore we are of the opinion that the judgment of the court below is right.

*By the Court.*—Judgment affirmed.