SCHOLL, Administratrix, Appellant, vs. ADAMS, imp., Respondent.

*November 9—December 8, 1931.*

*Thomas W. King* of Spring Green, for the appellant.

For the respondent there was a brief by *James E. O'Neill* of Dodgeville, attorney, and *Powell & Sprowls* and *B. B. Barstow* of Superior of counsel, and oral argument by *John S. Sprowls.*

FAIRCHILD, J. The complaint is subject to the principal objection directed against it, unless appellant's claim that sec. 315.01, Stats., applies only to real estate of which deceased died seized, is sound. This section, so far as applicable to this situation, reads as follows:

"No debt of or claim against any deceased person, which was not a lien upon the real estate of such decedent before his death, shall be a lien upon or valid claim against any such real estate in this state for the payment of which such real estate can be sold by an executor or administrator after

three years from the death of such decedent, . . . excepting in the following cases: . . . (2) when letters . . . of administration of the estate of such decedent have been duly issued in this state within such three years and such claim is duly presented to the county court from which such letters are issued."

The action is brought by the administratrix, who was appointed upwards of four and one-half years after the death of William Adams. It is brought to recover real estate to be used in payment of debts of the deceased, and in her complaint she alleges the existence of the debts and the lack of personal property with which to pay them. Where the claim was not a lien upon real estate prior to the death, the statute places a limit to the lien of debt under which real estate can be used in payment of debts of an estate by taking away such lien when not secured by proper proceedings within three years.

In *Fisk v. Jenewein,* 75 Wis. 254, 43 N. W. 950, 44 N. W. 515, there occur in the opinion words supporting the view contended for by appellant, but the statute does not contain the restriction suggested, to wit, "real estate of which deceased died seized." In that case the deceased had died seized of the lands and the question of construction of this section was not then before the court. That was an equitable action by the owner of a promissory note which he sought to collect out of real estate of the deceased which had descended to a daughter and the decision there was that the section which we are considering did not interfere with that action.

The statute provides that no debt or claim against any deceased person which was not a lien upon his real estate before his death shall be a lien upon or valid claim against any such real estate for the payment of which such real estate can be sold by an executor or administrator unless certain steps are taken within three years from the death of

such decedent. As was suggested in the decision in *Fisk v. Jenewein, supra,* this provision evidently refers to the liability of lands to be subject to debts of the deceased where there is a deficiency of personal assets to meet such debts. Under such circumstances the real estate is an equitable asset and the liability of its use for the purpose of paying debts "is denominated a lien upon or a valid claim against the real estate in this act." Land fraudulently conveyed is an equitable asset liable to be used for the payment of debts in case of deficiency of assets in the hands of the administrator, and it is liable to the same extent as land of which one may have died seized. It is with the lien that this statute deals, and it very definitely provides, "no debt of or claim against any deceased person which was not a lien upon the real estate of such decedent before his death, shall be a lien," etc. When reading this section and having in mind that the practice of deeding property to children instead of causing its transfer by will was extensive, the plan of the legislature becomes quite evident. The following section, 315.02, uses the words "then seized," and provides in case he die seized of an estate of inheritance in any lands, for an application to determine the descent thereof. These sections provide a means by which title to real estate becomes clear and marketable after the three-year period and bar all right to proceedings in county court which will embarrass that title after that given time.

The proceedings in which the administratrix seeks this relief were not begun timely. The statute so limits the powers of executors and administrators as to leave plaintiff without means of obtaining a license to sell and limits the remedy of a sale of lands for debts by the county court to three years from the date of death except in certain instances therein prescribed. It therefore appears upon the face of the complaint that the proceedings were begun long

after the time limited by the statute for such action, and we hold that this avenue of attack upon defendants' title is not open to the plaintiff.

As the demurrer was properly sustained on the grounds stated, it is unnecessary to consider other objections raised.

*By the Court.*—Order affirmed, and the cause remanded for further proceedings according to law.