HARE, Appellant, vs. REDDY and others, Defendants: GRISWOLD, Respondent.

*September 15—October 13, 1936.*

*William A. Sheldon* of Elkhorn, for the appellant.

For the respondent there was a brief by *Burdick & Burdick* of Lake Geneva, and oral argument by *Hugh L. Burdick*.

ROSENBERRY, C. J. · The defendants contend, and their contention was upheld by the trial court, that there could be no subrogation under the facts of this case, for the reason that, the note having come into the possession of the plaintiff, one of the parties primarily liable for its payment, it was thereby discharged, regardless of the intention of the payer, in accordance with sec. 117.37 (5), Stats. Upon this point the decision of the trial court is contrary to *Mueller v. Jagerson Fuel Co.* (1931) 203 Wis. 453, 233 N. W. 633, and *State Bank of La Crosse v. Michel* (1913), 152 Wis. 88, 139 N. W. 748, 139 N. W. 1131.

If the plaintiff is otherwise entitled to subrogation, his right is not defeated under the decisions of this court by the provisions of sec. 117.37 (5). The note was dated March 15, 1909, and was due two years after date. The time of payment does not seem to have been extended, nor does it appear from the findings to what date the plaintiff paid the interest. For the purposes of this decision we must assume that all personal liability on the note, other than such as might be outstanding against James Hare, is barred by the statutes of limitation. The fact that none of the defendants are personally liable does not prevent the enforcement of the lien of the mortgage. *Fish v. Collins* (1916), 164 Wis. 457, 160 N. W. 163. No facts appear which indicate that twenty years have expired since the date of the last payment made upon the mortgage indebtedness by the plaintiff. Under the circumstances, it cannot be contended that the plaintiff was a mere volunteer. *Hughes v. Thomas* (1907), 131 Wis. 315, 111 N. W. 474.

Under the circumstances of this case, the plaintiff is clearly entitled to assert his right to subrogation as against the defendants, and to subject their interest in the land to the payment and satisfaction of that part of the debt which should have been paid by their predecessors in title, less any offsets

to which the defendants or any of them are entitled. *Parsons v. Urie,* 104 Md. 238, 64 Atl. 927, 8 L. R. A. (N. S.) 559

Subrogation is an equitable doctrine, and the plaintiff in this case must assert his right under it subject to any equities that may exist as between him and any of the defendants. It appears from the evidence, which is sketchy, in fact the whole trial was sketchy, that some taxes have been paid by the defendant, Florence Griswold; that the plaintiff has had the use of the said premises. No doubt, plaintiff has from time to time made improvements thereon, and the matter should be adjusted in accordance with the law governing the relation of cotenants. It is not necessary, as the trial court held, that this action be dismissed and another action for partition or contribution be begun. Plaintiff is not entitled to contribution because any right to contribution has long since been barred by the statutes of limitation, but he is entitled to enforce his right under the lien of the mortgage against the interest of his cotenants in the land in accordance with the equities of the case.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for a new trial.