BOLTER, Appellant, vs. WILSON and others, Respondents.

*September 11—October 7, 1941.*

The cause was submitted for the appellant on the brief of *C. M. Hanratty* of Milwaukee, attorney, and *Frame & Blackstone* of Waukesha of counsel, and for the respondents on that of *John H. Schlintz* of Milwaukee.

ROSENBERRY, C. J. It is alleged in the complaint among other things that on the 15th day of February, 1928, the defendants made their certain promissory note in writing, payable to Charles Bolter and August F. Bolter, by which they promised to pay to the order of Charles Bolter and August F. Bolter, three years after date, the sum of $8,400, with interest thereon at the rate of six per cent until paid, payable semi-annually; that the note further provided that it was secured by a mortgage upon real estate bearing even date therewith;

that upon the same date and to secure the payment of the note, the defendants executed a real-estate mortgage. The mortgage was under seal and·contained the following language, which the plaintiff contends is a promise to pay the indebtedness:

"But in case of the nonpayment of any sum of money (either of principal, interest, insurance premiums, taxes or assessments), at the time or times when the same shall become due, or the failure to perform any of the covenants or agreements by said parties of the first part to be kept and performed, then in such case, or in either case, the whole amount of said principal sum shall, at the option of the said parties of the second part, their heirs or assigns, be deemed to have become due and payable without any notice whatever, and the same, together with all sums of money which may be or have been paid by the said parties of the second part, their heirs or assigns for or on account of insurance, taxes, or assessments, with interest thereon at the rate aforesaid, shall thereupon be collectible in a suit at law."

In the action the plaintiff sought recovery not upon the promise to pay contained in the note but upon the above covenant contained in the mortgage. The trial court held that action upon the promise contained in the mortgage was barred by the six-year statute of limitations, sec. 330.19, Stats., and was therefore apparently of the view that there was no covenant to pay contained in the mortgage, and that action upon the note was barred, it not being under seal.

The court filed no opinion and we are not advised upon what grounds the conclusion of law was based.

The plaintiff relies upon *Ogden v. Bradshaw* (1915), 161 Wis. 49, 52, 150 N. W. 399, 152 N. W. 654, as authority for his position. In that case the mortgage contained the following covenant:

" 'And the said party of the first part, for himself and his heirs, executors, administrators and assigns, hereby covenants and agrees to and with the said party of the second part, his heirs, executors, administrators and assigns, as follows, to wit,

that he will pay to the said party of the second part, his heirs, executors, administrators and assigns, the sum of money above specified with interest accruing thereon at the times and in the manner stated in said note, together with all costs and expenses, if any there be.' "

This court held that where a mortgage under seal contains a covenant to pay the debt secured thereby, neither the right to foreclose nor the right to a personal judgment for deficiency is barred until the expiration of twenty years from time of default. This is true even though personal liability on the note itself is barred by the six-year statute. The covenant in the mortgage to pay the note simply incorporated the note in the covenant by reference. The twenty-year statute and not the six-year statute applies.

To the same effect is *Ehnes v. Hronis* (1941), 125 N. J. Law, 625, 18 Atl. (2d) 39. See note 124 A. L. R. 640, 641, 645, 646.

Upon the question whether the quoted language constitutes a covenant to pay, the plaintiff cites no authority to support his position nor does the defendant cite any authority to sustain the opposite view. Upon analysis we conclude that the language quoted and relied upon by the plaintiff is a mere statement of the condition. The further provision that if the payment is accelerated the same may be "collectible in a suit at law" does not amount to a covenant to pay. After stating the conditions the mortgage provides that, in case of nonpayment, the whole amount of said principal sum shall become due and payable. What is to become due and payable is the sum which the mortgagors promise to pay according to the terms of the note. In this case there is no separate covenant by the mortgagors in the mortgage to pay such as was contained in the mortgage in *Ogden v. Bradshaw, supra.*

There is a covenant in the mortgage that the mortgagors will pay the taxes and insurance but it does not appear from the complaint that the plaintiff paid any taxes or insurance.

Therefore the question of whether the plaintiff may recover such payments does not arise.. Upon the question of the remedy of mortgagee paying taxes, see 84 A. L. R. 1366. The mortgagors not having agreed otherwise than by making of the note in question to pay the principal sum of $8,400, the trial court correctly held that the six-year statute of limitations was applicable and plaintiff's claim barred thereby.

*By the Court.*—Judgment affirmed.