FIRST NATIONAL BANK OF MADISON, Executor, Respondent, vs. KOLBECK and wife, Appellants.

*September 12—October 16, 1945.*

For the appellants there was a brief by *Genrich & Genrich* of Wausau, and oral argument by *F. W. Genrich*.

For the respondent the cause was submitted on the brief of *Hill, Miller & Hill* of Baraboo.

ROSENBERRY, C. J.   The defendants make a very logical and forceful argument that the note, the payment of which was secured by a mortgage, having run for more than six years after maturity, no cause of action can be maintained upon it and that the mortgage given to secure it has no existence, its existence being dependent upon the life of the indebtedness secured by it.   It is a rule of law in this state that the running of the statute extinguishes the right and creates another right in the debtor of equal dignity and that the obligation is thereby extinguished as completely as if it had been paid or otherwise fully satisfied.   *Eingartner v. Illinois Steel Co.* (1899) 103 Wis. 373, 79 N. W. 433.   This case has been affirmed in a number of subsequent cases and undoubtedly states the law as it now exists and has existed ever since *Brown v. Parker* (1871), 28 Wis. 21.

The defendants further rely upon the proposition that a mortgage is only an incident to the debt without which there can be no mortgage, citing *Doyon & Rayne Lumber Co. v. Nichols* (1928), 196 Wis. 387, 390, 220 N. W. 181.   In that case it was said:

"A mortgage is not property at all independent of the debt it secures.   The extinguishment of the debt *ipso facto et eo*

*instanti* extinguishes the mortgage. The mere entry on the record of a release of the mortgage is not for the purpose of extinguishing it, but as evidence of a previous discharge of the debt."

The question under consideration in *Doyon & Rayne Lumber Co. v. Nichols, supra,* arose in a mechanic's lien foreclosure case. It appears that the owner had executed several mortgages on distinct parcels of land and the mortgagee, who had not paid any consideration, immediately reassigned them to the owner. The court said:

"It seems plain that none of the mortgages became a lien upon the premises until some one paid value therefor" and then quoted the language already set out which was taken from *Fred Miller Brewing Co. v. Manasse* (1898), 99 Wis. 99, 102, 74 N. W. 535.

If the defendants' premise were sound, the conclusion which they draw would follow. However, it has been the law of the state of Wisconsin since *Wiswell v. Baxter* (1866), 20 Wis. *680, that the extinguishment of an obligation by the running of the statute of limitations does not prevent the foreclosure of a mortgage given to secure the debt. While there is language in the cases defendants have cited, which, if taken apart from the questions up for decision in those cases, might lead to a different conclusion, however, there is no conflict when the cases are carefully considered in connection with the facts to which they relate. No better rationalization of the matter can be given than that found in *Hayes v. Frey* (1882), 54 Wis. 503, 519, 11 N. W. 695. The court said:

"There are at least two very good reasons why the statute should not be a bar to the foreclosure by advertisement. The first is that the proceedings are not an action, and the statute of limitations has no application to the case; and the second is that the power to sell is granted whenever there is a *default in the payment* of the money secured by the mortgage. There is no pretense that the money secured by the mortgage was ever

paid, and so there was clearly a default in a condition of the mortgage which authorized the execution of the power. Although the statute of limitations as construed by this court may extinguish the right of the creditor to the money agreed to be paid, as well as the right to maintain an action to recover the same, still it does not amount to a payment of the debt. We are quite clear that if a defendant in an action on contract for the payment of money answered that he had paid the amount due on the contract before suit commenced, he could not sustain his answer by showing that the statute had run in his favor before the action was commenced. So in this case it is no answer to the claim of the mortgagee that there was a default in the payment of the money secured by the mortgage, and that by reason thereof the power of sale granted in the mortgage had become operative, that the debt is barred by statute. *Such bar is not a payment within the meaning of the condition in the mortgage."*

While *Hayes v. Frey, supra,* is not a foreclosure action, the grounds upon which the case was decided apply equally to an action as to a proceeding to foreclose by advertisement. They each involve the existence of the mortgage.

That the running of the statute of limitations upon an instrument, the payment of which is secured by a mortgage, does not destroy the right of the mortgagee to foreclose the mortgage, has been established by a long line of cases, in addition to those cited, *Knox v. Galligan* (1867), 21 Wis. *470; *Ogden v. Bradshaw* (1915), 161 Wis. 49, 150 N. W. 399, 152 N. W. 654; *Fish v. Collins* (1916), 164 Wis. 457, 160 N. W. 163; *Hare v. Reddy* (1936), 222 Wis. 508, 269 N. W. 294.

The language of *Marshall & Ilsley Bank v. Ewig* (1939), 230 Wis. 353, 357, 283 N. W. 795, is criticised by counsel. We find nothing confusing in the language of that case read in connection with its facts. In that case there was a payment of the indebtedness and a satisfaction of defendant's note and mortgage. It was claimed that the note and mort-

gage were revived by action of defendant's husband. The court held that, the husband not being the owner of the property, the mortgage could not be revived by his act. The court said:

"Because he was not the owner of the mortgaged property, and was not a party to the mortgage, there is no basis for applying the proposition asserted by plaintiff that a mortgage though paid or satisfied may be kept alive or revived by an oral agreement of the parties thereto."

It is true that in some of the cases stress is laid upon the fact that the mortgage contained a covenant to pay. Where such a covenant is contained in a mortgage it may be foreclosed and a judgment for deficiency rendered against the makers. *Bolter v. Wilson* (1941), 238 Wis. 525, 300 N. W. 9.

In this case the mortgage contains no covenant to pay but that does not prevent its foreclosure. The condition in the mortgage under consideration is—

"In case of the nonpayment of any sum of money (either of principal, interest, insurance premiums, taxes or assessments), at the time or times when the same shall become due, . . . and the same . . . shall thereupon be collectible in a suit at law, or by foreclosure of this mortgage."

The mortgage has a valid existence for the purpose of foreclosure. We are not asked to consider and we do not consider the effect of the language "shall thereupon be collectible in a suit at law."

In this case the mortgage and note were dated February 12, 1925. The mortgage was under seal. This action was begun on August 10, 1944, by service of the summons and complaint. Clearly, the statute had run against the personal liability of the mortgagors upon the note but the twenty-year statute had not run as against the mortgage. Therefore under the cases cited, the plaintiff is not barred from maintain-

ing this foreclosure action by reason of the statute of limitations having run against the note, and the trial court correctly so held.

*By the Court.*—Order affirmed.

FOWLER, J. (*concurring*). I concur in the result reached in this case, but do not agree with the view that the statute of limitations extinguishes the debt the mortgage was given to secure. The statute only removes the necessity of paying the debt if the debtor sees fit not to pay it and when sued to recover it pleads the statute. The effect of the two propositions is in most cases the same, but that it is not always so is illustrated by the foreclosure of a mortgage when the statute of limitations has barred action to recover the amount of the debt secured by it. It still remains true as stated in the opinion in *Hayes v. Frey,* 54 Wis. 503, 519, 11 N. W. 695, as quoted in the opinion of the court herein, that: "Although the statute of limitations as construed by this court may extinguish the right of the creditor to the money agreed to be paid, as well as the right to maintain an action to recover the same, still it does not amount to a payment of the debt." As long as there is no payment of the debt there is no extinguishment of it. The theory on which a mortgage is foreclosed when the statute of limitations has run against an action to recover the debt is that the debt is not extinguished although the right to enforce payment of it against the will of the debtor is. It is still true as stated in *Cawley v. Kelley,* 60 Wis. 315, 319, 19 N. W. 65, that "A mortgage is only an incident to the debt;" and as stated in *Banking Comm. v. Buchanan,* 227 Wis. 544, 549, 279 N. W. 71, that "A mortgage is but security for a debt." 4 Callaghan's Wis. Dig. p. 3732, sec. 51. "Without a debt there can be no mortgage." Else, there could be no foreclosure where the statute of limitations had barred an action to recover the debt.