**Gerald HERRELL, Plaintiff,**

v.

**CHASE BANK USA, N.A., Defendant.**

**Case No. 16–C–551**

United States District Court,
E.D. Wisconsin.

Signed October 24, 2016

Nathan E. DeLadurantey, Heidi N. Miller, DeLadurantey Law Office LLC, Milwaukee, WI, for Plaintiff.

Victor J. Allen, John D. Finerty, Jr., Michael Best & Friedrich LLP, Milwaukee, WI, Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, for Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

William C. Griesbach, Chief Judge, United States District Court

Plaintiff Gerald Herrell filed suit against Defendant Chase Bank USA, N.A. for furnishing incorrect credit information to consumer reporting agencies (CRAs). Herrell alleges that Chase failed to conduct a reasonable investigation after receiving notice of Herrell's dispute over the debt in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s–2(b). Arising under federal law, the FCRA claim provides this Court with jurisdiction under 28 U.S.C. § 1331. The case is before the

Court on Herrell's and Chase's cross-motions for summary judgment. Although Herrell argues that the Wisconsin statute of limitations extinguished his debt as a matter of law, he has failed to establish a "factual inaccuracy" in the information Chase provided to CRAs. I therefore conclude that Herrell's claim fails as a matter of law. Accordingly, summary judgment will be entered in favor of Chase and the case will be dismissed.

## BACKGROUND

The facts in this case are largely undisputed. In 2004, Herrell opened a credit-card account with Chase, and by 2009, had incurred over $6,000.00 in debt. Def.'s Proposed Findings of Fact (DPFOF) ¶ 6, ECF No. 25. Though Herrell made his last payment on the account in December 2009, Chase has never filed an action in state court to collect the debt. Plaintiff's Proposed Finding of Fact (PPFOF) ¶ 2; DPFOF ¶ 6. In March 2016, six years after Herrell's last payment, he learned that Equifax and Experian reported that he owed a balance of $6,311.00 on the account.

In April 2016, Herrell sent correspondence to Equifax and Experian disputing that he owed the dollar amount on the account. In the dispute letters, Herrell explained that because Wisconsin's six-year statute of limitations had run in December 2015, the information regarding an amount due on the account should be immediately removed or reflect a zero balance. ECF No. 17–1. Equifax and Experian gave notice of Herrell's dispute to Chase, and Chase verified that the information it had furnished to the CRAs was correct. DPFOF ¶ 9.

On May 5, 2016, Herrell filed suit against Chase alleging that Chase violated the FCRA "by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Mr. Herrell's credit report to accurately reflect that he did not owe a balance." Compl. ¶ 21, ECF No. 1. Herrell has moved for summary judgment arguing that (1) Wisconsin's six-year statute of limitations extinguishes a debt if there is no payment made within the statute of limitations period and (2) Chase cannot legally assert a right to furnish credit information that claims an amount is due and owing after Wisconsin's six-year statute of limitations has run. Chase also moved for summary judgment asserting that Chase's furnishing was accurate because its agreement with Herrell is governed by Delaware law and the running of Delaware's statute of limitations has no effect on the existence of the underlying debt. Alternatively, Chase argues that Herrell's claim fails as a matter of law because the FCRA is not a vehicle to raise legal, as opposed to factual, disputes. These motions are fully briefed and now before the Court.

## LEGAL STANDARD

Summary judgment is appropriate where the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element

essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (citations omitted).

## ANALYSIS

■ The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). Section 1681 of the FCRA imposes certain obligations on CRAs, such as TransUnion, Equifax, and Experian, as well as entities that furnish information to those agencies, such as Chase. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). CRAs perform an important function:

> Credit reporting agencies prepare reports that provide information about a person's finances—such things as bill-payment history, loans, current debt, and other information (such as where the person lives and works and, in some cases, whether he or she has been sued or arrested). The information is intended to help lenders decide whether to extend credit or approve a loan and what interest rate to charge. Prospective employers, insurers, and owners of rental property can obtain the credit reports from the agency.

*Brill v. TransUnion LLC*, 838 F.3d 919, 920 (7th Cir. 2016).

■ Herrell bases his FCRA claim on § 1681s–2(b), which establishes the specific responsibilities furnishers have in the event a consumer disputes the accuracy of information furnished in his credit report. To recover against a furnisher for a violation of § 1681s–2(b), a consumer must notify the CRA that he disputes the information provided by the furnisher to the CRA. The CRA in turn must advise the furnisher of the dispute. 15 U.S.C. § 1681i(a)(2).

Once the CRA notifies the furnisher, the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the CRA; (3) report the results of the investigation to the CRA; and (4) if the information is found to be inaccurate or incomplete, report the results to all CRAs to which it originally provided the information. 15 U.S.C. § 1681s–2(b)(1)(A)–(E). The purpose of the furnisher's investigation is to determine whether the disputed information is "incomplete or inaccurate." *Chiang v. Verizon New England*, 595 F.3d 26, 36 (1st Cir. 2010). Though the FCRA does not define the investigation process, the Seventh Circuit has concluded that furnishers must perform a "reasonable" investigation. *Westra*, 409 F.3d at 827 (assuming without discussion that § 1681s–2 calls for a "reasonable" investigation); *see also Levine v. JPMorgan Chase & Co.*, 46 F.Supp.3d 871, 875 (E.D. Wis. 2014); *Shames–Yeakel v. Citizens Fin. Bank*, 677 F.Supp.2d 994, 1004 (N.D. Ill. 2009); *Scheel–Baggs v. Bank of Am.*, 575 F.Supp.2d 1031, 1039 (W.D. Wis. 2008). The reasonableness of a furnisher's investigation is generally a question for the jury. *Shames–Yeakel*, 677 F.Supp.2d at 1004.

■ Herrell claims that Chase failed to conduct a reasonable investigation when it received notice of his dispute of the debt it reported. Had it done so, he contends, it would have discovered that unlike most states, upon the expiration of Wisconsin's statute of limitations, "the right is extinguished as well as the remedy." Wis. Stat. § 893.05. What exactly this means is less than clear, however. After all, Chase did not claim it had a legal right to collect the debt after the statute of limitations expired, and it certainly was not exercising a legal remedy to collect it. It simply said his account showed this amount as owing and

he had not paid it off. The FCRA provides that CRAs may not report "accounts placed for collection or charged to profit and loss which antedate the report by seven years," 15 U.S.C. § 1681c(a)(4), but the seven year period had not expired. Thus, there exists a one-year window after Wisconsin's six-year statute of limitations expired and before the seven-year limitation under the FCRA expires.

Herrell reads Wisconsin law to mean that the debt is extinguished and thus may not be reported to CRAs during this one-year period. He bases this reading on the Wisconsin Supreme Court's decision in *First National Bank of Madison v. Kolbeck*, 247 Wis. 462, 19 N.W.2d 908 (1945). The issue in *Kolbeck* was whether a bank could foreclose on a mortgage after the statute of limitations had expired on an action to recover on the note the mortgage secured. In explaining the defendant's argument, the court noted "It is a rule of law in this state that the running of the statute extinguishes the right and creates another right in the debtor of equal dignity and that the obligation is thereby extinguished as completely as if it had been paid or otherwise fully satisfied." *Id.* at 464, 19 N.W.2d 908. The defendant argued that since a mortgage is only an incident of a debt, the extinguishment of the debt necessarily extinguished the mortgage. *Id.*

Although it acknowledged the logic and force of the defendant's argument, the supreme court ultimately rejected it, citing a previous decision in which it had said:

> Although the statute of limitations as construed by this court may extinguish the right of the creditor to the money agreed to be paid, as well as the right to maintain an action to recover the same, still it does not amount to a payment of the debt. We are quite clear that if a defendant in an action on contract for the payment of money answered that he had paid the amount due on the contract

before suit commenced, he could not sustain his answer by showing that the statute had run in his favor before the action was commenced. So in this case it is no answer to the claim of the mortgagee that there was a default in the payment of the money secured by the mortgage, and that by reason thereof the power of sale granted in the mortgage had become operative, that the debt is barred by statute. Such bar is not a payment within the meaning of the condition in the mortgage.

*Id.* at 466, 19 N.W.2d 908 (quoting *Hayes v. Frey*, 54 Wis. 503, 519, 11 N.W. 695 (1882)). While some of the court's language may support Herrell's argument, the court's ultimate holding does not. After all, what right did the bank have to foreclose on the mortgage if the debt in some form did not still exist?

Of course, one could argue that regardless of how Wisconsin may treat debts the collection of which is barred by the state's statute of limitations, it makes little sense to include them on a person's credit report. After all, if the collection of the debt is barred by the state's statute of limitations, why should it affect his credit score? But a credit report is intended to include more than a person's current debt; it also includes bill-payment history and other information that a reasonable lender might consider important in deciding whether and at what rate to extend credit. *Brill, supra*. A reasonable lender might find it useful to know that a prospective borrower failed to pay a previous debt whether the creditor is barred from collecting it by the statute of limitations or not.

This seems to be the approach taken by courts that have addressed the issue in other states. As Chase notes, cases from other jurisdictions uniformly hold that where a debt exists, notwithstanding limitations on the creditor's ability to collect,

the creditor may lawfully furnish accurate information about the account to the CRAs. Def.'s Mem. in Opp. at 8. *See Prianto v. Experian Info. Solutions, Inc.*, No. 13-cv-03461, 2014 WL 3381578, at *5 (N.D. Cal. July 10, 2014) ("[B]ecause [California law] does not extinguish a consumer's underlying debt, there can be no liability for a furnisher accurately reporting the existence of that debt unless there is a dispute about the debt's patent or facial accuracy." (collecting cases)); *see also Budhi v. BAC Home Loans Servicing, L.P.*, No. 11-cv-2785, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012) (where it was "evident that Plaintiff's debt was not extinguished" by running of statute of limitations, bank "did not err in verifying the debt's existence" and thus did not violate the FCRA), *report & recommendation adopted*, 2012 WL 1677247 (N.D. Ga. May 11, 2012).

Chase argues that however Wisconsin law is interpreted, it makes no difference here because its cardmember agreement with Herrell is governed by Delaware law, and under Delaware law the debt clearly survives the expiration of the statute of limitations. Mem. in Opp. at 7 (citing *United States v. Chesapeake & D. Canal Co.*, 206 F. 964, 967 (D. Del. 1913) ("The statute of limitations ... bars the remedy but does not destroy the right.")). Thus, regardless of whether the debt is considered extinguished under Wisconsin law, it was not considered so under Delaware law and thus, Chase contends, it did not violate the FCRA. Herrell argues in response, however, that the choice of law provision of the cardmember agreement is void under the Wisconsin Consumer Act, Wis. Stat. § 421.201. Chase counters that the Wisconsin Consumer Act does not apply.

Ultimately, I conclude that it is not necessary to decide whether Wisconsin or Delaware law applies. In *Chiang v. Verizon New England Inc.*, the court held that "a plaintiff's required showing [under § 1681s-2(b)] is *factual* inaccuracy, rather than the existence of disputed legal questions," as "furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[ ] on questions that can only be resolved by a court of law.'" 595 F.3d at 38 (citations omitted). The Seventh Circuit has yet to establish its own interpretation of the FCRA's standards for accuracy and completeness. Herrell asserts that the dispute he raised is entirely factual in nature. He claims that his dispute letters to Experian and Equifax made clear exactly what he was disputing and the factual basis for it—there was no balance owed on the Chase account because the statute of limitations had passed based on Herrell's payment history. Pl.'s Reply in Supp. of Summ. J. at 5. Herrell contends that Chase could see that his last payment was made more than six years prior to the suit and was required to indicate that he had a zero balance. *Id.* at 5-6.

Resolving the dispute is not as simple as Herrell suggests, however. Assuming that Herrell's view of Wisconsin law is correct, itself a question of law, the central issue of the dispute is whether the Wisconsin or Delaware statute of limitations applies. Herrell has not asserted a factual inaccuracy. A more thorough and complete factual investigation would not have altered Chase's conclusion. Chase was "neither qualified nor obligated to resolve" whether Delaware or Wisconsin law applies to Herrell's debt as it is a legal question "that can only be resolved by a court of law." *Chiang*, 595 F.3d at 38 (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)). Accordingly, Herrell's FCRA claim cannot survive Chase's motion.

## CONCLUSION

For the reasons set forth above, Herrell's motion for summary judgment (ECF

No. 16) is **DENIED** and Chase's motion for summary judgment (ECF No. 23) is **GRANTED**. The Clerk of Court is directed to enter judgment against Herrell and in favor of Chase dismissing the case.

**SO ORDERED** this 24th day of October, 2016.