BANK OF SHEBOYGAN, Respondent, vs. FESSLER and others, Appellants.

*April 3—April 30, 1935.*

For the appellants the cause was submitted on the brief of *Voigt & Voigt* of Sheboygan.

For the respondent there was a brief by *Bowler, Bowler & Currie* of Sheboygan, and oral argument by *George W. Currie*.

FAIRCHILD, J.   This is an action at law on a promissory note.   A note and mortgage were executed at the same time, and under the law of this state the payee has a choice of remedies.   It may elect to sue on the note or foreclose the mortgage, these actions can be instituted at the same time; or the payee can combine the two in an action seeking foreclosure and a deficiency judgment.   Neither the nature of this action on the note, nor the right to maintain it, is affected by the fact that the note is secured by a mortgage, except as stipulations in the mortgage may become a part of the contract provisions of the note.   The debt is the primary obligation between the parties, and the note is the primary evidence of the debt.   The fact that the note sued on is secured by a real-estate mortgage, and that in the mortgage there is a provision that on the default in the payment of interest the whole principal sum shall become payable, does not change the remedies available to the payee of the

note. What has happened is that the written contemporaneous agreement affects the maturity of the note by giving to the payee thereof the option to declare the debt due. The default having occurred, and the option having been exercised, the cause of action on the note has matured and the action is properly begun. *Schoonmaker v. Taylor,* 14 Wis. *313; *Thorp v. Mindeman,* 123 Wis. 149, 101 N. W. 417; *Seaman v. McNamara,* 180 Wis. 609, 193 N. W. 377. See notes, 46 L. R. A. (N. S.) 480; 34 A. L. R. 850.

The holder of the note is within its rights in bringing its action on the note. 2 Jones, Mortgages (7th ed.), §§ 1220, 1222; *Hanauer v. Republic Building Co.* 216 Wis. 49, 255 N. W. 136, 256 N. W. 784. Instruments executed together and related to a common transaction are to be construed together as to all persons chargeable with notice of their contents and their relation to each other. The provisions in a mortgage for acceleration of the due date of the debt may have the same effect as if incorporated in the note. 14 L. R. A. (N. S.) 475, 479. This does not mean that all the provisions of one instrument are imported into another so as to make them one and indivisible. The two instruments are resorted to for the purpose of discovering the true intent and agreement of the parties. *Seaman v. McNamara, supra.* We find no error in the rulings of the court below.

*By the Court.*—Order affirmed.