WHITE EAGLE BUILDING & LOAN ASSOCIATION, Appellant,
vs. FREYER and another, Defendants: SCHADE and
another, Respondents.

*May 11—June 6, 1939.*

564

For the appellant there was a brief by *Kleczka & Steinhilber* of Milwaukee, and oral argument by *C. D. Steinhilber*.

*A. L. Skolnik* of Milwaukee, for the respondents.

NELSON, J.    The plaintiff is a building and loan association.    On November 7, 1928, the defendants Freyer borrowed from the plaintiff the sum of $5,000 and duly executed and delivered to the plaintiff its bond to evidence said indebtedness.    The said defendants further agreed to repay said loan in the manner that is customarily employed by such

associations. At the same time they executed and delivered to the plaintiff a mortgage to secure said indebtedness. The premises covered by said mortgage were subsequently conveyed three different times, in all of which deeds the grantees therein named agreed to assume and pay the indebtedness to the plaintiff. In July, 1932, the loan being in default, the plaintiff, pursuant to its by-laws and the option granted to it, declared the whole amount of the loan due, and brought action to recover a judgment against all of the defendants who were liable on the bond. Judgment was finally entered against all of the defendants. Nothing being realized on that judgment, the plaintiff later on commenced a foreclosure action which went to judgment and sale. At the sale the plaintiff bid $5,000, which left a deficiency according to the sheriff's report of sale, amounting to $2,370.79. At a prior sale the plaintiff had bid $3,500, which the court had refused to confirm. Subsequently, the plaintiff paid and redeemed delinquent taxes on the premises for the years 1930 to 1935, inclusive, and an insurance premium, aggregating the sum of $1,221.01. The judgment provided, as recited in the statement of facts, that the plaintiff might pay any tax upon the mortgaged premises which is now or shall hereafter become due, and that it shall have a lien upon the real estate for the amount of taxes so paid, with interest, and that the amount of such taxes and interest shall be added on to the amounts adjudged to be due, and shall be paid out of the proceeds of the sale of such real estate.

It is well settled in this state that a mortgagee may bring an action on his note or bond, secured by a mortgage, and obtain judgment for the amount thereof, and that later on, in case such judgment is not paid, he may bring a foreclosure action. *Ogden v. Bradshaw,* 161 Wis. 49, 150 N. W. 399, 152 N. W. 654; *Cavadini v. Larson,* 211 Wis. 200, 248 N. W. 209; *Northwestern Loan & Trust Co. v. Bidinger,* 226 Wis. 239, 276 N. W. 645; *Bank of Sheboygan*

*v. Fessler,* 218 Wis. 244, 260 N. W. 441. That procedure prevails in a great many of the states. See 2 Jones, Mortgages (7th ed.), §§ 1220, 1222. If a mortgagee follows that procedure and brings two separate actions he must, of course, ultimately satisfy the personal judgment obtained by him to the extent of the net proceeds received by him upon the sale of the mortgaged premises in the foreclosure action. The trial court, in ordering and directing the clerk of the court to satisfy the personal judgment entered November 29, 1932, to the extent of $4,629.01 as of January 20, 1936, the date of the confirmation of the foreclosure sale, was of the view that the amount of the proceeds received by the plaintiff in the foreclosure action was the amount of its bid, $5,000, less attorney's fees, costs, and disbursements, together with interest on the same amounting in all to $323.04, and less the sheriff's fees amounting to $47.95. The defendants Schade petitioned the court to apply the remainder amounting to $4,629.01 on the personal judgment.

The plaintiff contends that the trial court erred in wholly ignoring the amount of the taxes and insurance paid by it to redeem the premises from delinquent taxes and to keep the building insured. The defendants Schade now contend on this appeal, upon their motion for review, that the trial court should have ordered the personal judgment against them fully satisfied.

The questions for decision are: (1) Did the trial court err in refusing to permit the plaintiff to deduct from the amount bid by it, in addition to the attorney's fees, costs, disbursements, and sheriff's fees, the amount of the sums advanced by it to redeem the premises from the outstanding delinquent taxes and to keep the building insured? (2) Did the trial court err in refusing to order that the personal judgment be fully satisfied?

The first question requires us to determine the amount which should properly be credited by the plaintiff on its

personal judgment against the defendants. It is our conclusion that the court erred in not permitting the plaintiff to deduct from the amount bid, in addition to the attorney's fees, etc., the amounts paid out by it to redeem the mortgaged premises from taxes and to keep the premises insured. The judgment, as well as the statutory law, gave to the plaintiff the right to pay the taxes and to have a lien upon the real estate for the amount so paid.

Clearly the plaintiff had a right to keep the premises insured and to have a lien for the amount of the premium paid. The amount of the taxes redeemed and insurance paid constituted no part of the defendants' indebtedness that was merged into the personal judgment. Those payments were necessarily made in order to preserve the mortgage security. Had valid tax deeds been issued, the defendants would have received no credit whatsoever on the personal judgment against them. Under such circumstances we cannot approve of a rule which would merge the amounts paid for taxes and insurance into the foreclosure judgment and destroy their identity as liens. To so hold would, in our view, result in an injustice.

As to the second question raised by the defendants' motion to review, we are of the opinion that the motion is without merit. The defendants' argument is grounded upon a construction which they contend should be given to sec. 278.105, Stats. 1935. The statute relied on is as follows:

"278.105 *Application for confirmation of sale and for deficiency judgment.* (1) At all times whether upon judgments of foreclosure and sale heretofore or hereafter entered and in the case of all such judgments whether relating to farm or homestead property or other real estate, motion for confirmation of sale shall be only upon notice given by the plaintiff to the mortgagors whether they have appeared in the action or not and to all parties who have appeared or to the attorneys of such mortgagors and parties. Such notice shall be given either personally or by registered mail directed

to the last-known address, posted at least five days prior to the date when the application is to be heard, and shall state, in addition to other matter required by law, *whether or not application is also to be made for entry of deficiency judgment,* the amount of the judgment, the amount realized upon the sale, *the amount for which personal judgment will be sought against the several parties naming them,* and the time and place of hearing.

"(2) In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs."

It is contended that since the enactment of that statute a deficiency judgment can be obtained in a foreclosure action only by strictly complying with the procedure outlined in that statute. Doubtless that contention is sound when applied to mortgages given subsequent to its enactment and where a deficiency judgment is asked for in the complaint and provided for in the judgment. The contention that the enactment of that statute in 1935 affected or destroyed plaintiff's judgment obtained against the defendants in 1932 cannot be sustained. *Hanauer v. Republic Building Co.* 216 Wis. 49, 256 N. W. 136, 256 N. W. 784; *First Nat. Bank of Neenah v. W. J. Durham L. Co.* 216 Wis. 66, 256 N. W. 783; *Bank of Sheboygan v. Fessler, supra.* The defendants further contend that by proceeding as the plaintiff did it has indirectly obtained a deficiency judgment. In *Northwestern Loan & Trust Co. v. Bidinger, supra,* it was said, under the facts in that case (p. 248):

"The mere fact that the complaint does not ask for a deficiency judgment does not show, under the facts of this case, that a deficiency judgment will not result. A separate judgment was taken on the bonds, and, unless that judg-

ment is fully paid by crediting thereon the amount realized in the foreclosure sale, a judgment having all the characteristics of a deficiency judgment will exist."

While a deficiency judgment may not properly be entered in a foreclosure action unless demanded in the complaint, a judgment having all of the characteristics of a deficiency judgment may result where a mortgagee brings separate actions. What the judgment which exists after crediting the amount of the proceeds of a foreclosure sale upon it may properly be called is perhaps of no great importance. A personal judgment, under our procedure, is properly and legally obtained and it will continue to exist, less the amount of the proceeds which will result from the foreclosure sale, until satisfied or outlawed.

The trial court apparently was influenced by the thought that had it appreciated, at the time of confirming the second sale, that the plaintiff's bid had not been materially increased, it probably would not have confirmed that sale. The sale, however, was confirmed and no appeal was taken from that order. The only question that could properly arise thereafter was as to the amount of the proceeds of the sale that should be credited on the personal judgment.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order in accordance with the opinion.