Estate of Cawker: First Wisconsin Trust Company, Executor, Appellant, vs. Estate of Cawker, Respondent.

*January 18—February 13, 1940.*

For the appellant there was a brief by *Bender, Trump & McIntyre,* attorneys, and *Kneeland A. Godfrey* of counsel, all of Milwaukee, and oral argument by *Mr. Godfrey.*

*H. K. Curtis* of Milwaukee, for the respondent.

FAIRCHILD, J. Claimant filed claims for amounts due upon notes which were liabilities of the Cawker estate. Filing of these claims was the virtual equivalent of commencing an ordinary action upon the notes, and such actions may be

prosecuted independently of the foreclosure of the security. While the matter of deficiency might have been litigated in the foreclosure proceedings in the circuit court, it was not necessary to do so. The claimant could seek first foreclosure of the mortgages only, leaving recovery of the balances due upon the notes to the proceedings which have been initiated by the filing of the claims in the county court. *White Eagle Building & Loan Asso. v. Freyer,* 231 Wis. 563, 286 N. W. 32; *Cavadini v. Larson,* 211 Wis. 200, 248 N. W. 209.

The objections to the allowance of the claims in the county court involved the contentions: (a) That evidence was not produced which shows that the fair value of the mortgaged premises was obtained upon the foreclosure sale, and (b) that the Koeffler estate has lost its rights to insist upon the recovery of a deficiency against the Cawker estate at least as to one of the notes by reason of the failure to make a representative of the mortgagor a party to the foreclosure action, or to serve upon him notice of its application for confirmation of the sheriff's sale. These objections are without force in this case. As to the foreclosure action in which the mortgagor was made a party, it is clear that the latter is conclusively bound by the finding of the circuit court in the foreclosure proceeding that a fair price was realized upon the foreclosure sale. But the contentions have no merit apart from this. This proceeding does not constitute a direct attack upon the foreclosure judgments which have been entered, and questions as to defects of parties in those proceedings or the propriety of notice to mortgagors who are not parties, is wholly immaterial here. The claims being equivalent to actions upon the promissory notes secured by the mortgage, production of the notes created a *prima facie* case of liability, and the burden of establishing payment of the notes, whether in whole or in part, rested throughout upon the representatives of the Cawker estate.

*By the Court.*—Judgment reversed, and cause remanded with directions to allow the claims.