Ford, Respondent, v. Ford, Appellant.

*September 5—October 2, 1962.*

For the appellant there were briefs and oral argument by *Roland J. Steinle, Sr.,* attorney, and *Gregory Gramling, Jr.,* of counsel, both of Milwaukee.

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

CURRIE, J. The sole issue on this appeal is whether plaintiff wife was required to accept defendant's tender of the 170 shares of stock in satisfaction of the balance of $44,250 owing to her under the judgment.

In our opinion, the aforequoted provisions of the judgment, under which defendant is to pay $56,000 to plaintiff, do not grant an option to defendant permitting him to discharge the balance due of $44,250 by tendering to plaintiff the 170 shares of stock. The record is obscure as to why the stipulation and judgment made reference to the value of the stock. Nevertheless, the statement placing a value upon the stock is an insufficient basis for a finding that the judgment grants defendant the option which he now claims.

The judgment provided that the 170 shares of stock were to serve as additional security for defendant's payment of the $56,000 to plaintiff. The general rule is that a creditor need not resort to the security, provided by the debtor for payment of his debt, before bringing action upon the debt. *Bank of Sheboygan v. Fessler* (1935), 218 Wis. 244, 246, 260 N. W. 441; *Herro v. Heating & Plumbing Finance Corp.* (1931), 206 Wis. 256, 261, 239 N. W. 413.

Even if defendant's motion were to be construed as one to amend or modify the division of estate, the circuit court would have been without jurisdiction to act in the matter, because such motion was not timely made. *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 98 N. W. (2d) 434.

*By the Court.*—Order affirmed.